| 127 | 431 |
|---|---|
| 138 | 593 |
| 127 | 431 |
| 141 | 224 |
| 127 | 431 |
| 151 | 36 |
| 155 | 589 |
| 127 | 431 |
| 161 | 496 |
| 127 | 431 |
| 171 | 270 |

Hiram Combs *et al.*

*v.*

Mary V. Goff.

*Filed at Ottawa January 25, 1889.*

1. Tax title—*based upon a judgment including costs not yet earned.* If a judgment against land for taxes, etc., has included therein, as costs, any fees not then due and earned, but to accrue subsequently to the entry of the judgment, this will be a fatal error, and no title will pass by the tax deed made on such judgment.

2. The costs referred to in the statutory form of the judgment order, are only those which have accrued and become fixed charges on the land taxed, prior to the entry of judgment. The only elements which can enter into the judgment, properly, are the taxes, interest, penalties and costs then due and unpaid. After-accruing fees, by virtue of the statute, become charges on the particular lot or tract of land. Those accruing prior to the sale, may be collected, along with the judgment, by sale of the land, while those accruing after the sale, viz., for cancellation of the certificate of sale, and for issuing certificate of redemption, accrue only when those services are performed.

3. . Same—*of the affidavit—its requisites—in showing proper service of notice.* A tax purchaser's affidavit of the service of notice of his purchase, etc., stated that he served, or caused to be served, a notice of his purchase at such tax sale, etc., as in other affidavits thereto attached is more fully set forth, on every person in the actual possession or occupancy of such lands or lots. The affidavit therein referred to is, that affiant visited the lots on April 25, 1884, for the purpose of serving notice "on the occupant, but there was no person in the actual possession or occupancy of said lands or lots on said day, except as hereinafter stated. Deponent is acquainted with said lands or lots, and said lands or lots were fenced, and in possession of some person or persons unknown to this affiant; and no person was in actual possession or occupancy of said lands or lots, or any part thereof, except as hereinbefore stated, for more than three months," etc.: *Held,* that as the affidavit failed to show the land was vacant and unoccupied, it was fatally defective in failing to show a service of notice on the occupants or persons in actual possession.

4. The purchaser at tax sale, before he is entitled to a deed, and in order to invest the county clerk with authority to execute the same, must, by his affidavit or affidavits, show a strict compliance with section 216 of the Revenue act.

APPEAL from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. WILSON & MONROE, for the appellants.

Mr. H. S. McCARTNEY, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill filed in the Superior Court of Cook county, by appellee, as owner in fee of two certain lots, to set aside as void, and clouds upon her title, two certain tax deeds, under which appellants claim title, and offering to pay the amount due thereunder, etc. Decree was rendered setting aside all of said deeds as clouds upon her title, upon payment of a specific sum found to be due for purchase money, interest, costs and taxes, and the record is brought to this court by the holders of the tax titles, defendants.

The first of the tax deeds, in order of time, issued to Hiram Combs, February 28, 1882, and was based on a tax sale of October 15, 1879, under a judgment for the taxes of 1878, and prior years, for the sum of $62.08, being $31.04 for each lot. The validity of this deed was challenged upon a number of grounds, but it will only be necessary for us to consider one of them, namely, that the judgment rendered against these lots, and each of them, was for too great a sum.

It seems to be assumed by counsel for both parties that the aggregate of the taxes, printer's fees and penalties entering into the judgment, was $30.41,—the remaining sixty-three cents of the judgment against each lot being made up of the county clerk's and collector's fees. Counsel for appellants contend, that the fees of the two officers named, included in the judgment, were not more than the law allowed, and therefore, although erroneously charged for one service when another service was rendered, as the aggregate was not more than could have legally been charged, the judgment was not void,—and cite in support of that position, *Chambers* v. *People*, 113 Ill. 509.

Counsel set out in a detailed statement the items which might lawfully be charged, showing that fees of the collector and county clerk, to the amount of seventy cents, as they contend, might be properly included in the judgment against each lot, and which statement is as follows:

Collector's fees (according to sec. 21, Fees and Salaries,
Rev. Stat. 1874) making delinquent list for judgment. $ .03
Making delinquent list for printer - - - - - - - .03
Selling each lot - - - - - - - - - - - - - - .03
County clerk's fees (sec. 56 same act) making delinquent
list for judgment - - - - - - - - - - - - - - .03
Entering judgment - - - - - - - - - - - - .01
Delinquent list on precept - - - - - - - - - - .02
Attending tax sale, etc. - - - - - - - - - - - .15
Cancelling tax certificate - - - - - - - - - - .15
Certificate of redemption - - - - - - - - - .25

If appellant's counsel are correct, and the items included in the above statement could be properly included in the judgment, the case would fall within the rule announced in the *Chambers case.* It is, however, contended by appellee, it was not competent for the court to include in its judgment the fees allowed the county clerk, for cancelling tax certificate, fifteen cents, and for issuing a certificate of redemption, twenty-five cents; and that if these items were excluded, the judgment against each lot is found to be excessive to the amount of thirty-three cents. It is apparent that the fees for cancelling tax certificates and issuing certificates of redemption were included in the judgment rendered against each of these lots. The statute prescribing the fees of county clerks in counties of the third class, when this sale was made, (sec. 4, act of March 2, 1874, sec. 56, Fees and Salaries,) provides that in all matters of taxes and assessments there "shall be charged as costs against the delinquent property, and be collected, with the taxes thereon: For making list of delinquent lands and lots for judgment, for each tract or lot, three cents;

for entering judgment, for each tract or lot, one cent; for making list of delinquent lands or lots on precept for sale, for each tract or lot, two cents; for services in attending the tax sales, and issuing certificate of sale and sealing the same, for each tract or lot sold, fifteen cents; for cancelling certificate of sale, for each tract or lot, fifteen cents; for each certificate of redemption, twenty-five cents."

It is manifest that the foregoing section, so far as it affects tax sales, must be considered as *in pari materia* with section 191 of the Revenue act, as amended by the act of May 3, 1873. (Hurd's Stat. 902). In this latter section there is contained the provisions respecting the judgment to be rendered for taxes and special assessments, on the collector's application for judgment against delinquent lands. After disposing of the objections, if any, the direction is, that "the court shall give judgment for such taxes and special assessments and penalties as shall appear to be due, and such judgment shall be considered as a several judgment against each tract or lot, or part of a tract or lot, for each kind of tax or special assessment included therein; and the court shall direct the clerk to make out and enter an order for the sale of such real property against which judgment is given." And the form of the judgment to be thus entered, as given in the statute, is: "Therefore it is considered by the court, that judgment be and is hereby entered against the aforesaid tract or tracts, or lots of land, * * * in favor of the People of the State of Illinois, for the sum annexed to each, being the amount of taxes, (and special assessments, if any), interest, penalties and costs due severally thereon."

Considering these two sections together, by no fair construction is the court authorized to render judgment against the lands for any other or greater sum than the aggregate of the taxes, special assessment, interest, penalties and costs due thereon; and it is just as necessary that the costs for which judgment is to be thus rendered shall have accrued and be-

come payable, as that the taxes themselves shall have become due, or the interest and penalties shall have accrued. It is manifest, therefore, that the costs referred to in the form of the judgment order, are, from necessity, only those costs which have accrued, and become fixed charges on the land taxed, prior to the entry of judgment. True, other costs may thereafter accrue, which may also become charges upon the land, as incident to the entry and enforcement of the judgment, and the payment of which may be enforced by sale of the land ; but to hold that the fees of officers for services that can not be rendered until after the judgment has been entered, and which may not be required of the officers, can be anticipated and incorporated in the sum of the judgment, would be to impute to the legislature an intention they have not expressed, and which does not arise, by necessary implication, from the language employed. The right of a public officer to the fees prescribed by the law, depends upon the performance of the duty or rendering of the service specified, so that if the clerk should not be called upon to cancel a certificate of purchase or to issue a certificate of redemption, and the services for which the particular fees are given by the statute therefor, in fact, be not performed, such fees do not accrue to the clerk, and can not be made a charge upon the particular tract or lot of land. It is a misconception of the legislative intent to assume, as is done by counsel for appellants, that the fees mentioned in the section referred to, and which, it is there said, "shall be charged as costs against the delinquent property, and shall be collected with the taxes thereon," may be included in the sum of the judgment entered against the delinquent lands. The only elements which can enter into the judgment, properly, are the taxes, interest, penalties and costs then due and accrued. After-accruing fees, by virtue of the statute, become charges upon the particular tract or lot of land,—those accruing prior to the sale may be collected, along with the judgment, by sale of the land, while those accruing

after the sale, viz., for cancellation of the certificate of sale and for issuing certificate of redemption, accrue only when those services are performed, and are made a proper charge incident to the cancellation or redemption.

The judgment, for the reasons stated, being invalid, the tax deed resting thereon was necessarily void, and was properly set aside as a cloud on appellee's title.

The second tax deed here involved, issued to John Carne, Jr., December 23, 1884, and was based on a tax sale of September 23, 1882. Although the lots were assessed in the name of H. M. Jewell, they appear to have been owned by Hattie F. Sewell and Harriet M. Sewell, who conveyed the same to appellee by warranty deeds, — the first by a deed dated March 3, 1884, recorded March 5, 1884, and the second by a like deed, of the same date, recorded April 19, 1884. The application to the county clerk for said tax deed was based on the affidavit of Carne, the purchaser, and of his agent, Cross. In these affidavits it was incumbent upon the purchaser, before he would be entitled to a deed, and to invest the county clerk with authority to execute the same, to show strict compliance with the conditions set forth in the 216th section of the Revenue act.

By his own affidavit Carne showed, or attempted to show, the publication of a notice in conformity with the act. It will not be necessary for us to determine the sufficiency of such notice, or consider the objections made thereto. Under the statute, "every person in the actual possession or occupancy" of lands or lots sold for taxes, must be served with notice of the sale and when redemption will expire, as provided in the section of the act before referred to, by the purchaser or his assignee, before he will be entitled to a deed. Although Carne, in his affidavit filed with the county clerk, says that he served, or caused to be served, a notice of his purchase at said tax sale, etc., as in other affidavits thereto attached is more fully set forth, on every person in the actual possession or occupancy

of such land or lots, the affidavits therein referred to wholly fail to show such service of notice. The affidavit relied upon to show such service, is that of Cross, who swears that he visited the lots on April 25, 1884, for the purpose of serving notice "on the occupant, but there was no person in the actual possession or occupancy of said land or lots on said day, except as hereinafter stated. Deponent is acquainted with said lands or lots, and said lands or lots were fenced, and in possession of some person or persons unknown to this affiant; and no person was in actual possession or occupancy of said lands or lots, or any part thereof, except as hereinbefore stated, for more than three months before the expiration of the time of redemption."

The statement that there was no person in the actual possession or occupancy of the lot is qualified by the statement, "except as hereinafter stated." The statement following, that "said lands or lots were fenced, and in possession of some person or persons unknown to" the affiant, is positive and unqualified. It is said in *Taylor* v. *Wright,* 121 Ill. 455, that the words, "possession and occupancy," as used in the 216th section of the Revenue act, are convertible terms. This affidavit does not affirmatively show that the lots were vacant and unoccupied. Every word may be true, as therein stated, and yet, the premises may have been in the actual occupancy of the owner or some other person. Instead of showing the lots were vacant and unoccupied, the affidavit shows the reverse. They were unoccupied "except as stated,"—that is, they were in possession of some one unknown to affiant. There was no service shown upon the occupant, and no sufficient affidavit showing that the lands were unoccupied, and it follows that the tax deed under consideration was for this reason improperly issued, and void.

The decree of the Superior Court must be affirmed.

*Decree affirmed.*