ASAHEL GAGE

*v.*

JAMES S. LYONS.

*Filed at Ottawa October 31, 1891.*

1. TAX SALE—*under judgment including illegal taxes or improper costs.* If a judgment against land for taxes includes an illegal tax or improper costs, and there is no appearance of the owner on the application for judgment, a sale of the property thus wrongfully charged will be void.

2. A judgment for taxes on a lot contained a charge of two cents for selling the lot, two cents for making delinquent list on precept, and fifteen cents for attending sale and issuing certificate of sale: *.Held,* that such items were improperly included in the judgment, and rendered the tax sale thereunder void.

3. JUDGMENT FOR TAXES—*proof of no appearance of lot owner.* For the purpose of showing that the owner of a lot sold for taxes made no appearance to resist the entry of judgment, the record of the proceed-

ing in the county court was produced, which failed to show his appearance, and a witness was produced who testified that he was familiar with the tax judgment records, and that he had made diligent search for and was unable to find in the files any papers showing such appearance : *Held*, that, conceding the burden of proof was on the lot owner, the evidence was sufficient to show that there was no appearance.

4. TAX DEED—*failure to serve required notice.* Where, at the time of the service of notice of a tax purchase, a tenant under a verbal lease was in possession of a part of the premises sold, a failure to serve the tenant with the notice required by the statute will render the tax deed void, although service of notice is made upon his wife, whose money in part was used in payment of the rent.

5. Service of notice of a tax purchase on the wife of a tenant in possession of the premises, although intended for a service on the husband, will not be sufficient to meet the requirement of the statute, and entitle the purchaser to a deed.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

This being a judgment to sell land for a special assessment, the judgment is conclusive, and can not be collaterally attacked. It does not appear that the land owner objected to the entry of judgment, neither does it appear of what items the costs were composed. Neither does it appear how much of the costs were for the proceedings in the confirmation of the special assessment, and how much were for costs in the case upon the application for judgment.

It is shown that two different persons, at different times, visited the lot, to serve all persons in actual possession with a notice, and that Richard Cosgrove was not found there, but that the witness for appellee, Mary Cosgrove, who upon the stand swore that Richard Cosgrove was her husband and lived with her, informed each of these parties that she was the only person who was occupying the portion of the property which they found in her possession.

592      GAGE *v.* LYONS.

Brief for the Appellee.    Opinion of the Court.

Mr. H. S. MECARTNEY, for the appellee:

The judgment included seventeen cents excessive and illegal costs. The $1.81, for which the judgment was rendered, is made up as follows: Amount of installment, seventy-one cents; interest, seventy cents; costs, forty cents.

Section 21, chapter 53, of the Revised Statutes directs that the county collector shall receive, for making list of delinquent real estate, to be filed with the county clerk for judgment, three cents; for making delinquent list for the printer, three cents; *for selling lands for each lot, three cents.* And section 22, same act, directs that there shall be taxed as costs for the printer, for advertising delinquent list, ten cents. And section 56 provides for the fees of the county clerk, that the following amounts shall be charged against delinquent property, and be collected with the taxes thereon: For making list of delinquent lands for judgment, three cents; for entering judgment, one cent; *for making list of delinquent lands on precept, two cents; for services in attending sale and issuing certificate of sale, fifteen cents;* total forty cents.

The items italicized, amounting to twenty cents, were not due at the date of judgment. *Combs* v. *Goff,* 127 Ill. 434.

Every person in actual occupancy of the premises was not notified of the sale. It does not appear from the affidavits in whose name the premises were taxed, or that he was served with notice, or that he could not be found on diligent inquiry.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill in equity to set aside two tax deeds, made by the county clerk of Cook county to Asahel Gage, dated, respectively, November 16 and 17, 1880, on a sale for taxes made in September, 1878, for delinquent taxes, special assessments and costs, as clouds on complainant's title. The bill is in the usual form, and sets up the invalidity of the tax titles. Two of the matters alleged and relied upon only will be noticed

in this opinion. The ownership of the lots in appellant is alleged, and that there was not sufficient proof of service of notice on the occupants of the land, and that there was included in the judgment upon which said sales were made, respectively, seventeen cents excessive costs, and the deeds for that reason are void, and are clouds upon the complainant's title, and offers to pay the amount of the tax sale, subsequent taxes, with interest, and such other sums as equity may require. The cause was heard upon bill, answer, replication and proofs.

One of the principal grounds relied on as justifying the decree of the Superior Court setting aside the deeds, is, that the judgment upon which the deeds were severally predicated contained seventeen cents costs not authorized by law. If the judgment against land for taxes includes an illegal tax or improper costs, and there is no appearance by the owner, a sale of the property thus wrongfully charged will be void. *River-side Co.* v. *Howell,* 113 Ill. 256; *McLaughlin* v. *Thompson,* 55 id. 249; *Drake* v. *Ogden,* 128 id. 603. In *Combs* v. *Goff,* 127 Ill. 431, we held, that if the judgment included costs not due or earned at the time of its rendition, but to accrue subsequently to the entry of the judgment, the error was fatal, and no title passed by virtue of a sale and tax deed under such judgment. See, also, *Harland* v. *Eastman,* 119 Ill. 27.

The record of the proceedings in the county court, in which said judgment for taxes was rendered, was produced at the hearing, and it does not appear therefrom that there was an entry of appearance made by appellee, or objections filed by him to the entry of said judgments. In addition to this a witness was produced by complainant, who testified that he was familiar with the tax judgment records of Cook county; that he had made diligent search for, and was unable to find among the files of said court, any objections filed or papers showing such appearance. Conceding, as contended by appellant, that the burthen was upon appellee to show, negatively, that no appearance was entered or objection filed, this

evidence, in the absence of anything showing the contrary, sufficiently established that fact, and appellant is therefore not estopped by the judgment from showing that it was for too large a sum, or that it included costs in excess of what were legally chargeable.

It is said by counsel that it can not be told, in respect of the deed predicated upon the sale made for the special assessment, which were the costs in making the special assessment and which were charged by the collector and entered into the judgment as costs upon his return of the special assessment as delinquent. This is a mistake. The judgment was for $1.81, made up of the following items: Amount of installment of assessment due, 71 cents; interest, 70 cents; costs, 40 cents; total, $1.81. The 40 cents costs included in the judgment, counsel for appellant says, in his brief, was made up of the following items, and were, as he insists, properly included: Making delinquent list to be filed with county clerk, (Rev. Stat. sec. 21, chap. 53,) 3 cents; making delinquent list for printer, 3 cents; for selling each lot, 3 cents; printer's fee advertising delinquent list, (sec. 22,) each lot, 10 cents; making list of delinquent lands for judgment, 3 cents; for entering judgment, 1 cent; for making list of delinquent lands on precept, 2 cents; for services for attending sale and issuing certificate of sale, 15 cents; total, 40 cents.

It is clear that the item of 3 cents for selling each lot, making delinquent list on precept, 2 cents, and attending sale and issuing certificate of sale, 15 cents, could not have been earned fees at the time of the rendition of the judgment, and were therefore improperly included therein. In no event could said amount of costs have been earned and due when the judgment was rendered. The lot owner had the right to pay his taxes after judgment, without being obliged to pay those items of costs; but as they were included in the judgment, it could not be discharged or satisfied without the payment of the full amount for which it was rendered. *Combs* v. *Goff, supra.*

It is shown, also, that Richard Cosgrove, and his wife, Mary, lived in part of the house upon the lot in question from before the time of the sale until long after redemption expired. Proof of service of notice by Snow and Morely, agents of Gage, shows service upon several parties in proper time, under the statute, including Mary Cosgrove, but there is no evidence whatever of service upon Richard Cosgrove. The affidavits of service show who the agents found in possession, and that they served said notice upon all persons so found in possession by them, and *prima facie* were sufficient proof of service to comply with the statute. The testimony, however, shows that Richard Cosgrove and wife moved upon the premises in 1877, and lived on the same until about three years before the trial, which was, as before stated, long after redemption had expired. Richard Cosgrove had a verbal lease of part of the premises, and the proof shows that his money paid the rent, although it was sometimes paid by his wife. Mrs. Cosgrove testified that her husband resided on the premises all that time, and was at home. In addition to the fact that Richard Cosgrove was the lessee, he was the head of the family and resided with the same, and if it be conceded that part of the money paid for rent belonged to the wife, it would not alter the fact of his possession and actual occupancy of the premises.

The statute required a notice of the tax purchase, etc., to be served on every person in the actual possession or occupancy of the lands or lots sold. Where the owner is not an occupant himself of the land, it is to be presumed that the notice will be more likely to reach him, and he be apprised of the sale, when served upon *all* the occupants than if served only upon part. It is not, however, important that a reason should be given why a tenant, or tenants, in the actual occupation of the premises, or of some part of them, should be served with notice. It is enough that the statute requires it as a condition precedent to the right to have the tax deed issued. It does not appear that the service of the notice on the wife of Richard

Cosgrove was intended as service upon him, but if it was, service of notice upon the wife óf the tenant in possession is not sufficient to meet the requirements of the statute, which is imperative, and must be followed.

It is conceded that both deeds stand upon the same footing. The court was justified in rendering a decree finding the deeds void, and ordering them cancelled and set aside upon payment of the amount found equitably due for taxes, interest and costs, as was done.

Finding no error in this record, the judgment is affirmed.

*Judgment affirmed.*