WILLIAM P. HAMMOND, impleaded, etc.

v.

ED. S. CARTER.

*Filed at Springfield January 14, 1895—Rehearing denied June 10, 1895.*

1. TAXES—*notice to redeem land from sale may include other tracts.* The notice required by section 216 of the Revenue act to be given by the purchaser at a tax sale is not rendered invalid by including therein two or more tracts of land, especially in view of the provision in section 218 of the same act for a publication fee "for each tract or lot contained in such notice."

2. SAME—*partition fence not on line, as affecting possession and notice.* An adjoining land owner who has enclosed with his own a small strip of the land embraced in the tax sale, which he does not use or claim or pay rent for, is not "in possession" of such strip, within the meaning of the statute requiring notice to be given to those in possession.

3. SAME—*notice to redeem—service on right person by wrong name.* Notice by the purchaser at a tax sale to "Beard," as one of the parties in possession, is not invalidated by showing that "Baird" was in possession, where it appears the identical person was personally served with the notice.

4. SAME—*workman on premises need not be served with notice to redeem.* Men merely employed on the premises by one in possession of land sold for taxes, who are not the business agents of the latter, or authorized to receive notice, need not be served with notice by the purchaser at a tax sale.

5. SAME—*one entering during last three months not entitled to notice.* One whose possession begins less than three months before time for redemption expires occupies the position of a purchaser *pendente lite*, and is not entitled to notice from the purchaser at the tax sale.

6. SAME—*sufficiency of service of notice of redemption upon a drainage district.* A drainage district, having an interest in land sold for taxes, is sufficiently served with notice by the purchaser by delivering a copy of the notice to each of the three commissioners of the district.

7. SAME—*one cutting wood from the land need not be served with notice.* The cutting of a few cords of wood and piling it upon land occupied by other persons, and subsequently selling and moving it off, does not constitute such an occupation of premises by a person as to require that he should receive notice from a purchaser at a tax sale.

8. SAME—*sufficiency of notice to redeem—misstatement of year.* The notice given by a purchaser at a tax sale is not rendered invalid by the fact that in stating the year for which the assessment was made the figures "889" were used instead of "1889," where other portions of such notice show fully and in detail what years the taxes were assessed for.

9. SAME—*clerk's fees for attending sale, etc.* The fees allowed the county clerk for attending sale and issuing certificate, and for making the delinquent list, are made, by statute, part of the amount due at the time of sale, to be charged as costs against the delinquent property and collected with the taxes thereon.

10. SAME—*carrying forward too large a sum of back taxes—how cured.* The carrying forward by the clerk of too large an amount as back taxes will not invalidate a tax sale, where it appears that the omission of interest on a drainage assessment renders the aggregate of the tax less than is authorized by law.

11. SAME—*sufficiency of purchaser's affidavit—"diligent inquiry."* The affidavit of compliance with section 216 of the Revenue act, as to giving notice by the purchaser at a tax sale, need not specify the particular persons of whom the "diligent inquiry" mentioned in that section was made by such purchaser.

APPEAL from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

MANIER, MILLER & WILLIAMS, for appellant :

The notice set out in the affidavit is not such a notice as contemplated by the statute. It is a "blanket" notice. *White* v. *Smith,* 68 Iowa, 317; *Adams* v. *Burdick,* id. 667.

Notice to all occupants is fundamental, and compliance is an indispensable condition precedent to acquire a tax title. *Gage* v. *Bailey,* 100 Ill. 530.

A tenant in possession of a part of premises, under a verbal lease, is entitled to notice. *Gage* v. *Lyons,* 138 Ill. 595.

Reuben *Baird* had possession of fifteen acres of wheat land, and the affidavit shows service of notice upon Reuben *Beard,*—a different name, and, the court must presume, a different man. *Gonzalia* v. *Bartelsman,* 143 Ill. 634; *Gage* v. *Mayer,* 117 id. 663 ; *Gage* v. *Hervey,* 111 id. 305; *Schoonhoven* v. *Gott,* 20 id. 46 ; *Barnes* v. *People,* 18 id. 52 ; *Garrison* v. *People,* 21 id. 535 ; *Kennedy* v. *Merriam,* 70 id.

228; *Shinkell* v. *Letcher*, 40 id. 48; *Curtiss* v. *Marrs*, 29 id. 508; *Cruikshank* v. *Comyns*, 24 id. 602; *City of LaFayette* v. *Wortman*, 107 Ind. 404; *Hughes* v. *Carne*, 135 Ill. 520.

Said notice has nothing on its face to show that it has any application to Joe George and Fred George, who are described as being in possession. As to this point see 2 Blackwell on Tax Titles, sec. 680.

Tax titles are *stricti juris.* No presumption will be indulged in their favor. *Brophy* v. *Harding*, 137 Ill. 625; *Wisner* v. *Chamberlain*, 117 id. 579; *Chappell* v. *Spire*, 106 id. 472; *Van Matre* v. *Sankey*, 148 id. 536.

An affidavit, like a plea, is taken most strongly against the pleader. *Stillwell* v. *Brammell*, 124 Ill. 341.

Where timber land was unfenced and with no buildings upon it, but an employee had been cutting underbrush and felling timber, it has been held that his was such a beneficial use as the nature of the land permitted, and he was entitled to notice. *Ellsworth* v. *Lowe*, 62 Iowa, 178.

A tenant at sufferance must be notified. *Bush* v. *Davidson*, 16 Wend. 550.

An admission that the occupant had no title will not dispense with notice. *Jackson* v. *Estey*, 7 Wend. 175.

A notice that does not state clearly and truly the year for which the taxes were assessed is insufficient. *Taylor* v. *Wright*, 121 Ill. 464; *Brophy* v. *Harding*, 137 id. 621; *Gage* v. *DuPuy*, 137 id. 652; 2 Blackwell on Tax Titles, sec. 679.

The affidavit does not comply with the law in relation to diligent inquiry. *Van Matre* v. *Sankey*, 148 Ill. 536; *Burton* v. *Perry*, 146 id. 71.

These affidavits rest upon the conclusion of the parties making them, and show no facts from which the court can satisfy itself that the law has been complied with. *Price* v. *England*, 109 Ill. 394; *Gage* v. *Waterman*, 121 id. 115; *Wallahan* v. *Ingersoll*, 117 id. 123.

W. C. HOOKER, and G. EDMUNDS, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court : ·

This is an action of ejectment, brought by the appellee against the appellant and others to recover the possession of S. W. ¼ Sec. 8, Town. 3, N. R. 9 W., in Hancock County. Trial by jury was waived, and the cause was tried by agreement before the court without a jury. The finding and judgment of the trial court were in favor of the plaintiff; and the present appeal is prosecuted from such judgment. The plaintiff relied entirely upon a tax deed, dated July 29, 1893, and recorded July 31, 1893, issued by the county clerk of said county to appellee in pursuance of a sale for taxes made on May 29, 1891. Various objections were made to the affidavits and notice made and given under sections 216 and 217 of the Revenue Act, all of which were overruled, and exceptions taken to the order overruling the same. The question involved is the validity of the tax deed.

*First,* the first objection is, that the notice required by section 216 of the Revenue Law, (2 Starr & Cur. Stat. page 2098), and which must state when the land was purchased, in whose name taxed, the description of the land purchased, for what year taxed or specially assessed, and when the time of redemption will expire, includes a number of tracts of land belonging to several different owners. There is nothing in the statute, which prohibits the purchaser from describing two or more tracts of land in one notice; and section 218 (Idem, page 2100) provides for a publication fee to the printer "for each tract or lot contained in such notice." From the facts, that the insertion of more than one tract in the notice is not prohibited, and that the right to insert therein the description of more than one tract is recognized in section 218, we held, in *Drake* v. *Ogden,* 128 Ill. 603, that the notice is not invalid on account of the objection here urged. A fuller discussion of the reasons for this conclusion will be found in *Drake* v. *Ogden, supra.*

*Second*, it is next urged, that all persons in possession of the tract of land in question, or having an interest in the same, were not served with notice. Six reasons are urged in support of this objection. 1. The appellant testified upon the trial, that one Aquilla Daugherty was in possession of one "eighth of an acre off of the east side of the S. E. forty of said quarter." The affidavits do not show, that Daugherty was served with notice. It seems, that Daugherty owns the farm adjoining the 160 acres, of which appellant is conceded to be the owner if the tax deed is invalid. Some years before the tax sale, appellant built a partition fence between said S. E. 40 acres and the land of Daugherty, but purposely put the fence a few feet back on his own land. When Daugherty fenced his land, he paid for half the fence in order that he might get the privilege of joining his own fence to it, with the understanding that the fence might remain as it was until it needed renewal. He paid nothing for the use of the strip east of the fence, and which was thus left within his own enclosure. He had no lease of the same, nor is it shown that he ever used it. To all outward appearances the fence was between appellant's land and that of Daugherty. We do not think that, under these circumstances, Daugherty could be said to be in the actual possession or occupancy of the strip within the meaning of the statute. A purchaser at a tax sale is not bound to assume, that a partition fence is not on the line, or to employ a surveyor to ascertain whether it is off the line or not. On the contrary, he has a right to assume, that the parties have placed such a fence where it ought to be. There was nothing here to notify him, or even suggest to him, that such was not the case. The observations in *Drake* v. *Ogden, supra*, to the effect, that putting a stack of hay on premises by a person not residing thereon was not actual occupancy, are applicable here. 2. It is claimed, that one Reuben *Baird* was in possession of 15 acres of wheat upon the 160 acres, and that he was not

served with notice.   The printed notice, as published, is addressed to Reuben *Beard*.   The affidavit shows, that *Rubin Beard* or *Reuben Beard* had "wheat sown on said quarter," and that notice was served upon him "as one of the persons hereinbefore named as persons in possession."   Whether *Rubin* and *Reuben* are the same under the doctrine of *idem sonans* or not, the affidavit alleges that notice was served upon *Rubin* Beard, as well as upon *Reuben* Beard.   The name, *Baird*, does not appear in the notice or in the affidavits, but appellant testifies that the man, who had the field of wheat, was Reuben *Baird*. We regard it as immaterial whether *Beard* and *Baird* are the same upon the principle of *idem sonans*, or not; as it distinctly appears, that there was but one man who had 15 acres of wheat upon the tract, and that his name was either Rubin or Reuben Beard or Reuben Baird; and that this man was personally served with notice.   This is not a case where the notice and affidavits show that the land was taxed or assessed in the name of *Beard*, and notice was served on *Baird*, or that notice was served on *Beard*, and *Baird* was in possession.   We held, in *Gage* v. *Mayer*, 117 Ill. 632, that parol evidence could not be introduced to prove that I. Mayer and J. Mayer were the same person, and that the execution of the tax deed rests entirely upon the sufficiency of the affidavit filed with the clerk. It was also held in *Hughes* v. *Carne*, 135 Ill. 519, that parol proof could not be introduced to show that Rees, Pierce & Co. was composed of James H. Rees and L. H. Pierce, and that Rees was dead.   If, upon the authority of *Drake* v. *Ogden*, *supra*, it might be shown that another man than Reuben *Beard*, towit: Reuben *Baird*, was in possession, and that he was not served with notice, it is sufficient to say that no such proof has here been introduced.   It is merely sought to be shown, that the man served was named *Baird* instead of *Beard*, and not that another man not served was in possession.   The proof *aliunde* was, therefore, immaterial.   3. It is objected that the printed notice as pub-

lished is not addressed to all the persons stated in the affidavit to be in possession, and that one part of one of the affidavits mentions *Joe* George as being in possession, while the subsequent part thereof states that the notice was served on *Joseph* George. Among the persons named in the address of the notice are "Charles George, ........ George, his wife." The affidavit alleges, that Charles George, *Palmyra* George, his wife, *Joe* George and Fred George were in possession by actual residence, and afterwards states that the printed notice was served "upon each of the persons hereinbefore named as persons in possession or occupancy," and also upon each person in this paragraph named, towit: "Charles George, Palmyra George, Joseph George and Fred George, February 2, 1893." Whether *Joe* George and *Joseph* George are the same or not, it is averred that there was service upon *Joe*, as well as upon *Joseph*. Hence, it is not necessary to consider the question of *idem sonans*, or identity of names. The testimony of appellant shows, that there were only two houses upon the tract; that one of these was vacant; and that the other was occupied by Charles George and his family, consisting of his wife and Joseph George and Fred George, all of whom were negroes. Charles George was the tenant, having a lease of about four acres; and the others were members of his household, Joe and Fred assisting him to cut timber or wood when he was hired by other parties to do so. It is not necessary to serve notice upon a mere laboring man in the employment of the owner or tenant, not the business agent of the latter, or in any way authorized to receive such notice. (*Gage* v. *Schmidt*, 104 Ill. 106). In view of the proof introduced by appellant, service upon Charles George alone would have been sufficient, but not only was the notice served upon him but upon the others as well. Without determining whether in all cases the notice should be formally addressed to the occupants, who are personally served, or not, in the absence of an

express requirement in the statute to that effect, appellant's proof shows, that the address here was sufficient as being to Charles George and his wife. 4. Appellant testifies, that one Charles DeWitt went into possession of a part of the premises. It is claimed, that notice should have been served upon him, and that this was not done. The period of time covered by the affidavits, as to the possession and occupancy of the premises and the ownership of the same and interest therein, is the period between December 28, 1892, and March 1, 1893, the time of redemption expiring on May 29, 1893. The Statute provides, that the notice must be served at least three months before the expiration of the time of redemption, and that the last publication of the notice, when it is published, must be not less than three months before the expiration of the time of redemption. The proof in this case shows, that whatever possession DeWitt had began after the beginning of the three months before the expiration of redemption. Hence, the case at bar in this respect is brought within the doctrine of the case of *Taylor* v. *Wright*, 121 Ill. 455, where it was held, that purchasers, and persons acquiring rights in the property after the giving of such notice simply occupy the position of purchasers *pendente lite*, and their rights must be governed by the principles applicable to such purchasers. We are, therefore, of the opinion that it was not necessary to serve the notice upon DeWitt. 5. It is alleged in the affidavit, that The Hunt Drainage District was interested in the premises. It is claimed that there was no service upon the District. The affidavit alleges, that the District was served by delivering the notice to each of the three commissioners of the district on February 2, 8 and 9. We think this was sufficient. 6. Some objection is made as to the service upon one Robert *Beard* or *Baird*. Among the persons to whom the notice is addressed is Robert Beard; and the affidavit alleges, that notice was served upon Robert Beard by delivering the same to him in per-

son on February 8, 1893. Appellant swears, that this man's real name was Robert Baird. The only testimony as to his occupancy is that, by permission of appellant, he employed the negroes, named George, some time between December 28, 1892, and March 1, 1893, to cut 5 or 6 cords of wood for him, which he disposed of, and for which he paid appellant. We do not think that it was necessary, under appellant's testimony, to serve any notice upon him at all. The mere cutting of a few cords of wood and stacking or piling it upon a piece of land occupied by other persons, and subsequently moving it off and selling it, does not constitute such occupation as is contemplated by the statute. (*Drake* v. *Ogden, supra*). The man who did this, however, was served with notice whether his real name was Beard or Baird. We do not regard the objection made as a valid one.

*Third*, it is claimed that the notice does not state for what year or years the land was taxed or specially assessed. The material part of the notice is as follows: "You and each of you are hereby notified, that on the 29th day of May, 1891, at the court house, in Carthage, Hancock county, Illinois, at a public sale of lands and lots for taxes, special assessments, interest and costs due thereon, taxed, specially assessed, for the years respectively hereinafter specified, and taxed or assessed in the name or names there respectively specified, as to each tract below, I purchased the following real estate in Hancock county, Illinois, towit: That at said sale, on May 29, 1891, I purchased 160 acres, S. W. qr. sec. 8, for the taxes, special assessments, interest and costs due thereon for the years 889, 1890 and 1891, which tract was taxed for the years 1889 and 1890 in the name of W. P. Hammond, and was specially assessed in the name of W. P. Hammond, by order of the county court of Hancock county, Illinois, of April 6, 1887, confirming assessment of the Hunt Drainage District, of said county, filed February 1, 1887, and also in the name of W. P. Hammond,

by order of said court of January 7, 1889, confirming as-
sessment of said drainage district filed December 10,
1888, and against which tract were due installments of
interest on said two assessments, one due January 1, 1890,
and the other due January 1, 1891; also installments of
assessment confirmed January 7, 1889, by said court, one
due January 1, 1890, and the other due January 1, 1891;
and also assessments of said drainage district for annual
amount of benefits thereon, (for repairs, called repair
tax,) one due September 1, 1889, for the year ending with
the July term, 1890, of said county court, and the other
due September 1, 1890, for the year ending with the July
term, 1891, of said county court; and that the time of
redemption from said sale will expire with May 29, 1893."
The objection is based upon the use of the figures "889"
instead of the figures "1889." There might be force in
the objection if it were not for that portion of the notice
which follows the figures "889." We think that the de-
fect is cured by such subsequent portion, which sets forth
fully and in detail for what years the property was taxed
and specially assessed. The notice is here inserted in
full merely for the purpose of showing the nature of this
objection and the answer to it.

*Fourth,* it is claimed that the amount for which the
land was sold included too much costs by 38 cents. The
38 cents are made up of the following items authorized
by the statute :

Attending tax sale and issuing certificate........25 cents
Making list of delinquent lands to be filed with
　Auditor............................................. 3　"
Selling each tract.....................................10　"
　　Total................................................38 cents

(Chap. 53, secs. 18 and 21, Rev. Stat.; 1 Starr & Cur. Stat.
pages 1128, 1131). Counsel for appellant assign no reason
for their objection to the last item of ten cents, but say
that the other items were not properly included, because

they were not earned at the time of the sale. Section 18, chapter 53, of the Revised Statutes reads : "The following fees shall be allowed for services attending the sale of land for taxes, and shall be charged as costs against the delinquent property and be collected with the taxes thereon : For services in attending the tax sale and issuing certificates of sale, and sealing the same, for each tract or town lot sold, twenty-five cents, in all counties of the first and second class ; for making list of delinquent lands and town lots sold, to be filed with the State Auditor, three cents for each tract of land and two cents for each town lot." The items of 25 cents and 3 cents are allowed by the statute for services "attending the sale." They are directed to be charged as costs against the delinquent property and to be collected with the taxes thereon. In view of the language of the statute, they cannot be regarded otherwise than as a part of the amount due at the time of the sale, which the purchaser thereat must offer to pay. (Rev. Stat. chap. 120, sec. 202; 2 Starr & Cur. Stat. page 2095). The items held to be improperly included in the judgment in the case of *Combs* v. *Goff*, 127 Ill. 431, were for cancellation of the certificate of sale and issuing the certificate of redemption. That case has no application here.

It is furthermore objected, that certain back taxes, amounting to $7.94, were carried forward to the judgment record for the year when the land was sold as amounting to $7.95, and, thus, that illegal taxes to the amount of one cent were embraced in the judgment. In the tax, judgment, sale, redemption and forfeiture record, filed in the county court April 29, 1891, appears the item : "Back taxes 1879 and subsequent years $7.95." This was in the list of lands reported as delinquent by the county collector for the year 1890. The tax collector's book for the year 1889 shows the item: "Total amt. tax due $7.94." If it be admitted, that the clerk made a mistake of one

cent in carrying the amount forward, the mistake does not have the effect of invalidating the present judgment.

Under section 26 of the Drainage law, (Rev. Stat. chap. 42,) an assessment for benefits, and each installment thereof, draws interest at the rate of six per cent per annum until paid. An assessment for benefits in the Hunt Drainage District, known as the third assessment, was payable in installments, one of which installments of 22½ per cent fell due January 1, 1890, and was not paid. It was forfeited to the State in May, 1890, and in November, 1890, was carried by the clerk to the current tax, and when the collector was making up his record upon which to ask judgment, and upon which judgment was rendered in May, 1891, he neglected to calculate interest upon said installment due January 1, 1890, to the time of asking judgment—$2.85—by reason of which the amount for which judgment was asked and rendered was $2.84 less, instead of one cent more, than judgment should have been rendered for. The aggregate amount for which the judgment was rendered being less than the aggregate amount for which it might have been rendered, the erroneous addition of one cent will be treated as applying upon the omitted charge of interest. (*Chambers* v. *The People*, 113 Ill. 509; *Combs* v. *Goff, supra*). The mistake here insisted upon is clearly embraced within the curative terms of section 191 of the Revenue Act, by which it is provided that "no assessment of property, or charge for any of said taxes, shall be considered illegal on account of any irregularity in the tax list or assessment rolls, * * * and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof."

*Fifth*, it is contended that the publication of the notice is obnoxious to the objection noticed in *Burton* v. *Perry*, 146 Ill. 71, namely, that the making of diligent inquiry

must precede the publication. This objection is not applicable here, because the affidavits show, that the diligent inquiry, resulting in failure to find, was prosecuted for more than a month before the first publication of the notice. Nor is the objection, held to be valid in *Van-Matre* v. *Sankey*, 148 Ill. 536, in point here, because there is nothing in the affidavits to show that the diligent inquiry was limited to the county.

*Sixth*, it is said that the affidavits are deficient in failing to state facts by way of direct averment. Under this objection it is claimed, that the affidavits should have specified who the particular persons were of whom diligent inquiry was made. We do not think, that the specific designation of the names of such persons is required by section 217 of the Revenue Act, or by the terms of the decision in the case of *Brickey* v. *English*, 129 Ill. 646. It is necessary to state the facts with great particularity as to the service of notice upon occupants of the land. Occupants and owners have a direct interest in the land, and their interests are affected by the proceedings for obtaining a tax deed. But outside persons of whom diligent inquiry is made do not necessarily have any such interest; and the extent or reliability of their information would be a remote and collateral matter. The diligent inquiry required by the statute is such diligent inquiry as will enable the affiant to swear, that the party, as to whom inquiry has been made, cannot be found in the county. (*Van Matre* v. *Sankey, supra*).

We find no error in the record. Accordingly the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*