## EMMA C. POMROY v. JOHN C. BEATTIE.[1]

### January 4, 1918.

### No. 20,643.

**Taxation — expiration of time to redeem — service of notice upon occupant.**

    1. Under section 2148, G. S. 1913, requiring service of notice of the expiration of the time of redemption from a tax sale of real property, if there was occupancy which would require notice to be served, if the one in possession was the owner, then service of the notice on the occupant would be necessary, though the one in possession was there without title.

**Same.**

    2. Under the evidence it appears that the occupancy of the premises was such as to require service of notice of the expiration of the time of redemption from a tax sale upon the occupant.

[1]Reported in 165 N. W. 960.
[Five years and eight months. Reporter.]

Action in the district court for Ramsey county to determine adverse claims to that part of the lot described in the first sentence of the opinion which lies southwesterly of Capitol Heights, a public street in the city of St. Paul.[1] The answer alleged that defendant was the owner in fee simple of the premises described. The reply set up that defendant claimed title through a tax sale and a Governor's deed thereof, and alleged that plaintiff was in actual possession of the premises at the time the

[1][Indicated on the above plat by the letter X.]

deputy sheriff made return on the notice of expiration of redemption that they were vacant and unoccupied. The case was tried before Michael, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Owen Morris,* for appellant.

*R. A. Walsh,* for respondent.

QUINN, J.

This is an action to determine adverse claims to a parcel of land in lot 8, block 23, Ashton and Sherburne's Addition to the city of St. Paul. The plaintiff claims title thereto by adverse possession, and the defendant, John C. Beattie, claims title to the same by virtue of a tax deed from the state. At the trial the district court found that plaintiff had no interest in the premises; that the defendant Beattie was the owner thereof, and ordered judgment accordingly. From an order denying her motion for a new trial, plaintiff appealed.

The controlling question for determination is: Were the premises vacant and unoccupied when the sheriff attempted to serve a notice of the expiration of the time of redemption from a tax sale on February 5, 1908?

On February 4, 1908, the county auditor of Ramsey county issued a notice of the expiration of time of redemption under a tax sale directed to William Dawson, as to the premises in question. On the following day the sheriff returned that he could not find Dawson; that he had personally visited the premises and that the same were vacant and unoccupied, and thereafter the notice was published.

The parcel of land in question is located in that part of lot 8 which lies to the southwest of Capitol Heights, and, for the purpose of getting an idea of the relative location of the different parcels of land referred to, may be described as follows: Beginning near the westerly corner of lot 8, running thence southeasterly on the line of said lot to the southerly corner thereof, thence northeasterly on the line of said lot 17 feet to the westerly line of Capitol Heights, thence northwesterly 33 feet on the line of said street, and thence westerly in a straight line to the place of beginning.

139 M.—9

Westerlo street was laid out many years ago, and extended from the southeast to the northwest, the easterly line thereof forming the westerly boundary of the premises in question. This street was about 25 feet wide, never opened to the use of the public and was vacated in 1902. Immediately across this vacated street from the premises in question is a small parcel of land owned by the plaintiff, upon which is situated dwelling house No. 687, by which number this parcel will be hereinafter designated.

It is the contention of the plaintiff that the parcel in controversy, together with the vacated portion of Westerlo street adjacent thereto, constitutes the front yard to the dwelling above referred to, and that she and her immediate predecessors have been in the actual and continuous possession thereof, claiming to own the same for more than 15 years immediately prior to the commencement of this action.

The dimensions of the three parcels taken together are 74.6 feet on the west, 84.3 feet on the north, 49.8 feet on the east and 129.2 feet on the south. The same is located upon what might be called a hillside sloping from the west toward Capitol Heights on the east.

The dwelling is quite a large structure built about 26 years ago, at which time a stone wall about 4 feet high was built from the dwelling house south to the property line, thence east on the property line to Capitol Heights. The earth from the higher portions of the premises was graded in against this wall so as to make a level yard. There was a retaining wall along the west line of considerable height, and a stone wall 10 feet or more high extending from the northwest corner of the premises east along the north line to about the middle of Westerlo street, and a plank or board wall or fence extending from the east end of this wall in a direct line to Capitol Heights. There was a sidewalk along Capitol Heights on the east of the premises in question. The dwelling house faces to the east on Capitol Heights. A gravel walk about 4 feet wide extends from the front door of the dwelling across the vacated portion of Westerlo street and the premises in controversy to the sidewalk on Capitol Heights.

The plaintiff contends that the walls upon the north and south lines above referred to mark the northerly and southerly boundaries of the front yard to the dwelling house. While all that portion of lot 8 lying

west of Capitol Heights is described in the complaint, the plaintiff, upon the trial, laid claim only to that portion south of the plank wall or fence above referred to, and made no claim to that portion lying adjacent to the defendant's premises in lot 7, north of that wall or fence.

John E. Loftfield, with his family, resided in the dwelling No. 687 as plaintiff's tenant for 4 years commencing in 1906, during which time he occupied the premises in question and the vacated portion of Westerlo street as the front yard to his residence. He kept the lawn between the residence and Capitol Heights nicely mowed and used and occupied the same in such manner as to give it the appearance of a small front yard to his residence. He had a small garden thereon and had clothes lines attached to the trees for family use. The distance from the dwelling to the sidewalk on Capitol Heights is about 55 feet. The gravel walk was used by the occupants of the dwelling. About these matters there is no dispute in the testimony.

The trial court seemed to give much weight to the thought that whatever occupancy was made by the plaintiff and her tenants of the premises in question amounted to a mere trespass, and in no way affected defendant's title. However this may be, if there was an occupancy of the premises by plaintiff's tenants residing in the dwelling, then the notice of the expiration of the time of redemption should have been served upon such tenant. Section 2148, G. S. 1913, requires notice of the expiration of the time of redemption of real property from tax sale to be served upon the person to whom it is directed, if to be found in the county, in the same manner prescribed for the service of a summons in a civil action, and if not so found, then upon the persons in possession of the land, and if the person to whom the notice is directed cannot be found in the county and there is no one in possession of the land, the service shall be made by three weeks' published notice.

We think the testimony shows that the occupancy of the premises in question during the year 1908 was such as the owner necessarily and naturally would have made had he resided in the dwelling. It stands undisputed that the vacated portion of Westerlo street and the parcel in question furnish in appearance at least a small front yard to the dwelling, and that during the year 1908 it was occupied by plaintiff's tenant as such. Suppose the plaintiff at the time had resided in the

dwelling and also held title to the parcel in question and occupied it in the manner in which it was occupied. Could it be said that service of the notice need not have been made upon her simply because it was addressed to Dawson?

Under the rule announced in Fitger v. Alger, Smith & Co. 130 Minn. 520, 153 N. W. 997, we think the notice should have been served upon the plaintiff's tenant residing in the dwelling. That was an action to set aside a mortgage foreclosure sale which involved the service of the notice of sale. Section 8111, G. S. 1913, provides that:

"Six weeks' published notice shall be given that such mortgage will be foreclosed by sale of the mortgaged premises or some part thereof, and at least four weeks before the appointed time of sale a copy of such notice shall be served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises, if the same are actually occupied. * * *"

And under this statute it was held that "if there was the possession which would require notice of foreclosure if the one in possession was the owner notice was required though the one in possession was there without authority or license."

This rule applies in the case at bar, and the notice should have been served upon plaintiff's tenant residing in dwelling No. 687. It follows that there was not sufficient service, and for that reason it was error to hold that the defendant, Beattie, was the owner and entitled to the possession of the premises in question. The plaintiff is entitled to a new trial.

Reversed.