No. 14,388.

Brown *v.* Davis.
(83 P. [2d] 326)

Decided October 3, 1938.

Mr. C. W. Kinzie, Mr. T. E. Munson, for plaintiff in error.

Mr. George E. McConley, Jr., Mr. M. C. Leh, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

By this action the plaintiff in error sought a decree quieting title in her as against the defendant in error to certain Sterling city lots. It was stipulated that she was in possession of the lots, and the record owner thereof, unless her title was divested by a tax deed issued to defendant in error. The controversy arises over alleged irregularities in the proceedings leading up to the issuance of the tax deed. It conclusively appears that at the time the application for the deed was made and prior and subsequent thereto, one Mary Lou White, as tenant from month to month of plaintiff in error, was in the actual occupancy of the property. Likewise it is conceded that notice preceding the issuance of a tax deed, as prescribed by section 255, chapter 142, '35 C. S. A., although given plaintiff in error, was not served upon the tenant. Among the objections asserted, plaintiff in error contends that the failure to serve such notice upon the tenant rendered the tax deed void. Below, this contention was resolved adversely to plaintiff in error. We believe the trial court erred in this conclusion.

Where the lands involved are assessed for more than $100, which is admittedly the situation here, section 255 supra, with reference to notice, provides: "* * * The county treasurer shall serve or cause to be served, by personal service or by registered mail, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such lands, lot or premises, and also on the person in whose name the same was taxed or specially assessed, if upon diligent inquiry such person can be found in the county, or his residence without the county

be known, and upon all persons having an interest or title of record in or to the premises, if upon diligent inquiry the residence of such persons can be learned, not more than five months, and at least three months before the time of issuance of such deed, * * *. If no person is in actual possession or occupancy of such land, * * * or the residence of the person in whose name the same was taxed, * * * and the residence of none of the persons having interests or title of record in or to the premises, can, upon diligent inquiry, be learned, then the treasurer shall publish such notice, * * *." In *Henrie v. Greenlees,* 71 Colo. 528, 208 Pac. 468, and *Thomas v. Grand Junction,* 13 Colo. App. 80, 56 Pac. 665, it was determined that in lieu of the word "or" preceding the words "the residence" in the last sentence of the above quoted section, the conjunction "and" should be substituted.

The requirements of the foregoing section are jurisdictional. *Sheesley v. Voorhees,* 24 Colo. App. 428, 134 Pac. 1008.

The decisions of appellate courts in states having statutes similar to section 255 supra, are uniform in requiring service of the notice of redemption upon the tenant in actual possession of the property at the time notice is required to be given. In 61 C. J. 1262, it is said: A "tenant occupying under or without a lease must be served with notice." In support of this text are cited the cases of: *Gage v. Bani,* 141 U. S. 344, 12 Sup. Ct. 22, 35 L. Ed. 776; *Gage v. Lyons,* 138 Ill. 590, 28 N. E. 832; *Bradley v. Brown,* 75 Iowa 180, 39 N. W. 258; *Pomroy v. Beattie,* 139 Minn. 127, 165 N. W. 960.

In 26 R. C. L., p. 433, §389, citing *Bank of Utica v. Mersereau,* 3 Barb. Ch. (N. Y.) 528, 49 Am. Dec. 189, the rule is stated as follows: "A tenant in actual possession of the premises or any portion thereof is clearly entitled to notice." No authorities holding otherwise are mentioned in the foregoing texts or are cited by defendant in error. Notwithstanding, asserting that "possession"

and "occupancy" are convertible terms, he argues that although the tenant physically occupied the lots, the owner, through the tenant, was legally "in actual possession or occupancy of such * * * premises" within the spirit of the statute, as a consequence of which notice to the tenant would be an idle gesture. In many classes of cases relating to the possession of real estate, this statement may be substantively correct, but its application here is precluded by the statute. Under section 255 supra, the status of the property as to its actual physical occupancy, as distinguished from the constructive possession thereof, to a major degree controls the procedure with reference to the required notice. Where the lands are actually *occupied* during the involved period, as here, the statute clearly contemplates, as the adjudicated cases cited conclude, that service of notice not only must be made upon the person in whose name the property was taxed, if he can be found in the county, and upon those having an interest in or title of record to the premises when their residence can be learned, but also upon the person in the actual possession or occupancy of the premises. If factually the lands are *unoccupied* and the residence of the person in whose name the same are taxed, and the residence of none of the persons having interest or title of record in the premises can upon diligent inquiry be learned, service must be had by publication.

The declaration of the administrative prerequisites to the issuance of tax deeds is a matter of legislative discretion, and it is without our province to consider whether any practical purpose is accomplished in requiring notice to a tenant where the owner has been personally served. Convincing arguments pro and con doubtless can be advanced, but as was stated by the Supreme Court of Illinois, in the case of *Gage v. Lyons, supra*: "It is not, however, important that a reason should be given why a tenant, or tenants, in the actual occupation of the premises, or of some part of them,

should be . served with' notice. It is enough· that the statute requires it .as a condition precedent to the·right to have the tax deed issued.'' ·

The precise point urged was decided contrary to the contention of defendant in error here by the Supreme Court of Iowa, under a statute very similar to ours, in the case of *Bradley v. Brown, supra,* where it was said: ''Counsel for defendant claims that the right of redemption did expire, notwithstanding the .provisions of the statute, because notice was served upon the plaintiff, who was the owner and the person in whose name the land was taxed. It is urged that the object of the statute is to give notice to the owner that his land has been sold, and that when notice is given to him a notice to his tenant in possession of the land would be superfluous and unnecessary. We cannot concur in the views of counsel.'' The Bradley case later was followed in *Hintrager v. McElhinny,* 112 Iowa 325, 82 N .W. 1008. It would appear from the terms of section 255, supra, that it was originally adopted from the laws of Illinois, as were many of our statutes. In this connection it is to be observed that the Illinois statute has been consistently construed as requiring service of notice on a tenant as a condition precedent to the issuance of a tax deed. *Gage v. Bani, supra; Gage v. Lyons, supra; Barnard v. Hoyt,* 63 Ill. 341.

The case of *Richardson v. Halbekann,* 97 Colo. 175, 48 P. (2d) .1014, cited by defendant in error, is not pertinent to the matter under consideration. There it was announced that our statutes made a tax deed, regular on its face, prima facie evidence of the prerequisites necessary to ·its execution and delivery, thus relieving the person relying on the deed from the burden of proving performance of these requirements, as had previously been his obligation. No question of the burden of proof is involved in the case at bar since the derelictions which render the deed invalid are admitted or conceded.

In view of our disposition of the case it is unnecessary

to discuss any of the other errors assigned. The judgment accordingly is reversed.

MR. CHIEF JUSTICE BURKE not participating.

MR. JUSTICE BOUCK dissents.