## APRIL TERM, 1882.

GIVENS v. WHEELER, ADM'R, ETC.

A plaintiff cannot abandon his original cause of action and substitute an entirely new cause of action in his complaint.

*Error to District Court of El Paso County.*

Mr. JOHN B. COCHRAN, for plaintiff in error.

Mr. WM. HARRISON, for defendant in error.

On petition for rehearing, the following opinion was rendered by

ELBERT, C. J. The original complaint in this cause was for a breach of covenant of warranty contained in the defendant's deed to the plaintiff.

The answer of the defendant traversed the breach, and the cause was at issue.

The plaintiff thereupon filed an amended complaint in which he abandoned the cause of action stated in his original complaint, and stated another and entirely different cause of action in the nature of a fraud and deceit, alleging that he had negotiated for, and purchased of the defendant, a certain sheep ranch, and paid the purchase money therefor, and that the defendant, pretending to convey the same to the plaintiff, fraudulently conveyed to him another and entirely different parcel of land.

This changed the action from one *ex contractu* to one *ex delicto*. In our former opinion we held that a plaintiff could not thus abandon his original action, and substitute an entirely new cause of action.

Counsel in their petition for rehearing claim that this ruling is in conflict with the liberal spirit of the code, as well as with the rulings of the code states.

The reason of this rule is obvious. The character of the proceeding is changed by the amended complaint, and the defendant finds himself in court to answer a charge concerning which he has never been summoned. In the case of *Ramirez v. Murray*, 5 Cal. 222, Chief Justice Murray says of such a practice, that it is "too loose and dangerous to be tolerated." In Kentucky, in such a case, it is held that a new summons should issue, as otherwise "great injustice and oppression might be occasioned." *Rutledge v. Van Metre*, 8 Bush, 356.

This recognizes the propriety of the rule laid down in our former opinion, and treats the amended complaint as a new action.

The claim that the decision is in conflict with the decisions of the code states cannot, we think, be sustained. We refer to the following additional authorities in support of the rule as announced: *Woodruff v. Dickie*, 5 Rob. 620; *Dows et al. v. Green et al.* 3 How. Pr. 379; *Sheldon v. Adams*, 27 How. Pr. 182; *Lottman v. Barnett*, 62 Mo. 170; *Lackner v. Turnbull*, 7 Wis. 95; *Newton v. Allen*, 12 Wis., 380; *Sweet v. Mitchell*, 15 Wis. 664; *Lar-*

*kin v. Noonan*, 19 Wis. 93; *Stevens v. Brooks*, 23 Wis. 199; *Board of Supervisors, etc. v. Decker*, 34 Wis. 380.

In the case of *Woodruff v. Dickie*, 5 Rob., *supra*, Monell, J., says: "Under the code, however, in a few cases it had been held that the court has power to allow, as an amendment, the insertion of a new cause of action. * * * An amendment is the correction of some error or mistake in a pleading already before the court, and there must therefore be something to amend by; whereas the insertion of facts, constituting a new cause of action or defense, would be a substituted pleading, and not an amendment of an existing pleading. The cases referred to furnish no satisfactory reason for holding such an amendment to be within the power of the court to grant."

The petition for rehearing is denied.

*Rehearing denied.*

---

.TRACEY V. THE PEOPLE.

| | |
|---|---|
| 1 | 151 |
| 10 | 226 |
| 11 | 485 |
| 6 | 151 |
| 17 | 33 |
| 6 | 151 |
| d34 | 274 |

1. Sec. 26, ch. 6, General Laws of 1877, requires the yeas and nays to be called and recorded in the passage of all *ordinances* and by-laws by municipal corporations. In respect to *resolutions* and *orders* the rule is restricted by the section to such as relate to contracts. In the passage of an ordinance concerning *misdemeanors*, by a council or board of trustees of a municipal corporation, acting under the general law, if the records of the corporation fail to show that the yeas and nays were called and recorded, the ordinance is invalid and will not support a conviction.

2. Upon the introduction in evidence of a town ordinance, all objections to its admissibility ought to be presented, but record evidence showing that such ordinance was not passed in conformity with the requirements of the statute, may be introduced on behalf of the defendant in an action against him upon the ordinance.

3. In the silence of the record of proceedings of the meeting at which the ordinance was adopted, no presumption obtains that other proceedings than those mentioned in the record took place.