### OF THE

# COURT OF APPEALS

### OF THE

## STATE OF COLORADO.

SEPTEMBER TERM, 1892.

ROCKWELL, AGENT ETC., PLAINTIFF IN ERROR, v. HOLCOMB ET AL., DEFENDANTS IN ERROR.

1. AMENDMENTS.

The right to amend a complaint, even after leave is granted, is limited to an accurate and correct expression of a cause of action which theretofore had been inaccurately or insufficiently expressed.

2. PRACTICE—WAIVER OF ERROR.

Taking leave to amend a complaint after a demurrer thereto has been sustained, is a waiver of the right to assign error upon the order sustaining the demurrer.

3. PARTIES.

A person with whom or in whose name a contract has been made for the benefit of another may maintain an action thereon in his own name.

*Error to the District Court of Chaffee County.*

Mr. J. B McCoy and Mr. G. K. HARTENSTEIN, for plaintiff in error.

Messrs. HAGAN & CHAMPION and Mr. C. S. LIBBY, for defendants in error.

BISSELL, J., delivered the opinion of the court.

The right to amend a complaint, even after leave granted by the court, is limited to an accurate and correct expression in legal form of a cause of action which has theretofore been inaccurately or insufficiently expressed. *Givens v. Wheeler*, 6 Colo. 149.

The sole error which is assigned is rested on the order of the court which dismissed an amended complaint filed in this suit, because it was adjudged to violate this settled rule. In October, 1890, William Rockwell brought this action against Holcomb and Cole for what he alleged to be due Otis White and James West under a written contract set out in his complaint. To avoid an undue extension of this opinion the substance of the two complaints will be stated. This will be sufficient to make the opinion intelligible, and enough for the purposes of a precedent.

In the original pleading Rockwell averred that the indebtedness was to him for the use and benefit of White and West, and amounted to $1,537.20. The contract which was set out ran in the name of White by Rockwell, his agent, of the one part, and Holcomb and Cole of the other; it contained sundry recitals to the effect that Holcomb and Cole had leased of White a brickyard in Salida, and owed White $1,200, according to the terms of the lease; that they were also indebted to West in the sum of $330. After thus admitting the indebtedness, the contract substantially provided that Rockwell, as the agent of White and apparently of West, though as to that the contract was silent, should have the right to proceed to collect any moneys due, or to become due, Holcomb and Cole for brick which they might manufacture and sell. Out of the proceeds, Rockwell was to pay the expenses of the manufacture, and the provisions for the defendants and their employees, and retain any surplus to apply on the debt. Rockwell and the two defendants signed the contract. After stating the agreement, the complaint alleged the performance by Rockwell, a failure to perform by the defend-

ants, and a particular dereliction on their part in " collecting or attempting to collect " the proceeds of sales and applying the results to other purposes than as the contract specified.

The complaint set up that more brick had been sold than would be necessary to pay the running expenses, and averred that there would have been enough left to settle the debts of White and West but for this diversion. The plaintiff prayed judgment for the total amount of debt due both White and West. This was the only relief which he sought. An attachment was issued to aid in the collection of the debt. There was a traverse of the affidavit in attachment and a trial thereon. The attachment was sustained. The defendants then answered, and after trial Rockwell recovered judgment for some $1,100. All these proceedings were had in the county court. After judgment an appeal was taken to the district court. When the cause reached that tribunal, in some inexplicable way, a demurrer seems to have been put in to this complaint, which was sustained. It is impossible to understand how the defendants acquired the right to attack the complaint in this fashion, without procuring an order permitting them to withdraw their answer and put in the demurrer. This irregularity however is of no avail as to Rockwell, the appellant, since after the demurrer was sustained he took leave to amend, and filed another complaint. *Hurd v. Smith*, 5 Colo. 233.

In his amended complaint Rockwell set up that in the spring of 1890, on behalf of Otis White, he made an agreement of lease with the defendants whereby he, as an agent, but in his own name, leased to them a certain brickyard situate near the town of Salida. The terms need not be stated further than to say that Rockwell agreed to advance $300 to facilitate and promote the enterprise, which was to be repaid by the defendants out of the first two kilns of brick burned; the lessees were also to pay a dollar a thousand for all brick made and sold, as a royalty for the use of the yard and materials. It was alleged that Rockwell had paid the $300 and that the defendants owed $900 royalty. The

complaint further stated that subsequently and in September, after the failure of the defendants to pay according to the lease, they entered into the agreement which was set up in the original complaint, which authorized Rockwell to collect from Cole and Holcomb's debtors the moneys due White under this lease. The plaintiff still sought to collect the sum due West, but instead of averring an indebtedness to West, as was done in the original complaint, he set out his ownership of the debt by purchase from the original creditor. The prayer was for judgment for the total amount of the indebtedness, amounting to a little upwards of $1,500. The defendants moved to dismiss, because the causes of action stated in the two complaints were totally variant. The court so adjudged them, and the plaintiff appeals.

Had the questions raised by this record been presented in a somewhat different shape, it might have been necessary to determine just what relief, if any, Rockwell could have obtained under his original complaint, and whether he occupied the position of a trustee of an express trust, or that of a person with whom a contract was made in the name of another, whereby he stated a cause of action. If he could recover at all, he certainly could not have recovered the amount of the original indebtedness from these defendants to White and West. That he could not have recovered the indebtedness due to White is manifest, since the contract, which was the subject-matter of the suit as it then stood, shows that Rockwell was not the trustee of an express trust, and it did not run to him for the benefit of White. It is possible, although no opinion is expressed upon that proposition, that by some amendment which the facts would have permitted him to make, he might have recovered a judgment for part or all of the sum due to West, and possibly some damages resulting from a breach of the agreement, were he able to prove any. Since he could not have recovered the sum for which he sued, so far as it was represented by White's claim, there is a manifest variance between the original and amended complaint.

According to the averments of the amended complaint, there was a right of action as to White's interest which might have been maintained in Rockwell's name, since the lease out of which the cause of action arose was made in his name, although for the benefit of another. The amended pleading counted on that right. Pomeroy's Remedies & Remedial Rights, sec.175; section 5, Code of 1887.

It is likewise true that Rockwell had a right to recover the sum of money which had been originally alleged to be due to West, since he had become the owner of it by assignment and transfer. Rockwell's right to maintain this suit for the breach of the conditions and covenants contained in the lease on behalf of his principal, and the right to maintain an action in his own name for the sum which had become due to him by purchase of the debt, was substantially a different and other cause of action than the one which he attempted to maintain in his original pleading as springing from the agreement which the defendants subsequently made to permit him to collect their debts to satisfy the White and West obligations. The amended complaint sets out the subsequent agreement of September 4th, which admits the indebtedness and clothes Rockwell with the power of collection. It is followed likewise by a statement that the defendants had not observed the agreements of September 4th. But there is nothing in the complaint which would justify a recovery on the strength of the later contract. Whatever recovery the plaintiff might obtain must rest on proof of the execution of the lease, performance of its conditions on his part, a breach by the defendants and evidence as to the damages sustained. It was thus an action on a contract other and different from that counted on in the original pleading, and as to part of it must manifestly have been had upon a totally different basis, since in the original pleading he recovered as to West's interests by virtue of a trust, and in the latter by virtue of an individual ownership. It is unnecessary to determine whether these causes of action could have been properly joined. Whether, if the original

complaint had contained enough to allow an amendment which would have accurately counted on the cause of action relied on in the present amended pleading, and it had been so framed, the plaintiff might then have recovered the West debt under his allegation of present ownership, is not open to consideration. He was not entitled to continue his suit on the basis of his amended pleading.

The court did not err in sustaining the motion to dismiss the amended complaint, and the judgment must be affirmed.

*Affirmed.* .