Bissell, P. J.,
delivered the opinion of the court.
Goodnow brought suit against Heaton and other parties to recover damages for the breach of a contract. The appellant Faust, with two of his brothers were joined as codefendants: It was alleged that they had jointly executed a bond with Heaton and Company for the faithful performance of the Heaton contract. The complaint assigned breaches and prayed judgment for $351.19. There are some other matters contained in the complaint tending to establish the breach, but the averments of the pleading, and the state of the proof with reference to the copartnership are all that need be referred to. When the case came to trial the plaintiff introduced evidence which fairiy established the making of the contract, the failure of Heaton and Company to perform, the execution of the bond, and the amount of money paid out to complete the work. The liability of Heaton and Company and of the appellant Faust was thereby clearly shown, providing there are no legal obstacles to the recovery. No evidence was offered on the part of the defendants, but during the- progress of the trial it was shown that the bond was signed by William H. Faust and Company. As a matter of fact, there was no such firm, and it was made plain that the other two Fausts neither signed the bond, nor contracted any sort of a liability with reference to the cause of action stated in the complaint. When this appeared on the trial, the plaintiff asked and obtained leave to dismiss the suit as to the other two Fausts, leaving the action to stand against Heaton and his copartners, and against Faust as surety on the bond. This the court permitted to be done, and ultimately rendered judgment against these parties.
When the plaintiff moved to dismiss as to the two persons who were clearly exempt from liability, he seems to have failed to ask leave to amend his complaint to correspond with the proof, and did nothing in this direction. The appellant now contends that there was a fatal variance between the cause of action stated and the recovery, and that the plaintiff should *354 have been nonsuited at the trial. The practice of amendment suggested in the brief was undoubtedly the correct one, and ought to have been pursued. It was clearly within the power of the court to permit the plaintiff to dismiss as to the two Fausts who were not parties to the agreement, and a slight change of the pleadings would have removed the allegations as to the copartnership charged to exist between them, and left the suit to stand upon the original contract made between Goodnow and Heaton and Company, and guaranteed by Faust. The result, however, does not require us to overturn the judgment. When they ceased to be parties to the suit, it left the action to stand and proceed against Faust as the sole surety, and, so far as he is concerned, the plaintiff is entitled to the judgment against him.' If it be an error, it was one of those which, under the limitations of our statute, we are compelled to disregard because the substantial rights of the parties have been accurately ascertained and settled, and Faust was unharmed by the failure to amend the complaint.
The only other proposition which need be noticed is that which grows out of the assignment based upon the evidence, which shows that, while the contract was made in the name of the architect Goodnow, it was really a contract for the use and benefit of C. M. Rickard, who owned the property. Why the parties took this course we do not know, but none of the defendants were harmed by the procedure. The code provides (section 5, Code 1887) that where a contract is made in the name of one, though for the benefit of another, the one named as the contracting party may be deemed as the trustee of an express trust, and may bring an action in his own name without joining the person for whose benefit the agreement was made. Having the right to sue, no error can be based on the proceeding, regardless of the proof respecting this matter. Rockwell v. Holcomb, 3 Colo. App. 1. So far as concerns this particular case, it is apparent that the defendants had full opportunity to protect their rights. The original contract disclosed the fact that it was made on behalf of Mrs. Rickard, and if the defendants imagined it to *355 be necessary for their protection that Mrs. Rickard should be brought into the suit, doubtless they might have procured an order for the purpose. Having taken no action in the trial court, they cannot be held on this appeal to assign error concerning it. The record presents no other matters which need be determined to either ascertain or protect the rights of the litigants. The judgment is for a sum which the plaintiff was entitled to recover against the contractors, for whose acts the appellant, Faust, became a surety, by which he is only called upon to perform the contract into which he voluntarily entered. He is not wronged by the judgment, nor does the record disclose any irregularities which would warrant setting it aside. The judgment will be affirmed.

Affirmed.