[No. 2086.]

GIBONS v. THE DENVER BROKERAGE AND CONSTRUCTION COMPANY ET AL.

Practice—Pleading—Amendments—Change of Cause of Action.

An amendment to a complaint which changes the cause of action as stated in the original complaint from an equitable action to a legal one or vice versa, is not permissible.

*Appeal from the District Court of Arapahoe County.*

Mr. JAMES A. KILTON and Mr. JOHN S. GIBONS, *pro se,* for appellant.

Messrs. BENEDICT & PHELPS and Mr. HORACE PHELPS, for appellee Joralmon.

WILSON, P. J.

It appears from the allegations of the first or original complaint, that one George W. Snell purchased from A. B. Chittenden certain lots in the city of Denver, and about the same time entered into a contract with defendant Joralmon & Company, whereby the latter agreed to loan Snell a certain amount of money for the purpose of erecting certain specified improvements upon these lots, the money to be advanced in installments according to the progress of the work, the whole loan to be secured by a first deed of trust upon the property. This deed of trust was executed, and then a second deed of trust was given to secure the payment of the purchase money to Chittenden. Within a few days thereafter, Snell assigned his interest in this building contract to defendant, The Denver Brokerage and Construction Company, a corporation, of which it seems Frank S. Snell was president and general manager. Within a very few days subsequent to this, the construction company entered into a contract with plaintiff whereby it was agreed that plaintiff was to advance the sum of eight hundred dollars, to be available at once in the erection of the improvements on the lots, for which he was to receive a certain specified compensation, and it was further agreed that the plaintiff should handle and pay out the moneys advanced by Joralmon, and might upon the completion of the improvements deduct therefrom the money advanced by him, the surplus to be paid to the construction company. On the same day the construction company assigned the building contract with Joralmon & Company to plaintiff, and agreed to convey to plaintiff all its equity in the land should it fail to carry out its agreements in the contract with him. Thereafter, plaintiff, it is alleged, advanced to the construction company about a thousand dollars, which was used in the construction of the improvements.

It is further alleged that prior to all these transactions, the defendants knew that said company and Frank S. Snell had no money nor resources, and that all improvements to be made on said land were to be wholly constructed and completed from the moneys to be loaned by Joralmon & Company, and that prior to the signing of the contract between plaintiff and the construction company, its terms were explained to Joralmon & Company, who agreed that the building contract with them might be assigned to plaintiff, and that no money would be paid out by them except on the written order of Frank S. Snell, countersigned by plaintiff. The building contract was recorded, and all improvements mentioned in the contract fully completed. It was further alleged that neither the construction company nor Frank S. Snell had paid to the plaintiff the various moneys advanced by him, and due under the terms of the contract with them. Judgment was prayed against the construction company and Frank S. Snell for the moneys advanced by the plaintiff, and for interest; and a decree was also prayed declaring such judgment a lien upon the land and the improvements prior and superior to the lien of the Chittenden deed of trust, and equal in rank to the Joralmon deed of trust, and that the land and improvements be sold to satisfy such lien and judgment. A decree was also prayed directing Joralmon & Company to pay plaintiff the amount of the judgment.

Without regard to the prayers for judgment and decrees, it is too manifest to require any argument that the complaint stated only an equitable cause of action against Joralmon & Company, if it stated any at all, and that if under its allegations, plaintiff was entitled to any relief against this defendant, it was equitable relief. The complaint alleged no contractual relations between the plaintiff and Joral-

mon & Company, and nothing upon which could be based an action at law against them. A demurrer to the complaint was sustained, and thereupon plaintiff filed an amended complaint. This in its essential features, so far as concerns the character of the action, was the same as the first complaint. A demurrer to this first amended complaint was sustained. Both in the original and in the amended complaint, there were designated as defendants, the construction company, Frank S. Snell, Joralmon & Company, A. B. Chittenden and the trustees in the two deeds of trust which we have mentioned. Demurrer having been sustained to the amended complaint, the plaintiff dismissed as to the trustees in the deeds of trust, and also as to A. B. Chittenden, and thereupon filed a second amended complaint, with the construction company, Frank S. Snell and Joralmon & Company as the sole defendants. A money judgment was prayed against all of the defendants, including Joralmon & Company, and a decree was also prayed directing Joralmon & Company to assign to plaintiff such share in the note originally given by George W. Snell for their loan to him, as the amount of this judgment would be to the whole amount of the said note.

The allegations of the second amended complaint were largely the same as in the other complaints, but in one respect essentially and vitally different. There was set forth an express agreement and obligation on the part of Joralmon & Company to pay to plaintiff the amount of the advances made by him for the building purposes under his contract with the construction company, and hence stated a cause of action at law instead of equity. By reason of this alleged specific promise by Joralmon & Company, plaintiff sought a money judgment against them.

Neither Snell nor the construction company ever made any appearance, and default was taken against

them prior to the filing of the first amended complaint. The action thereafter as pending was solely against Joralmon & Company. Upon the filing of this second amended complaint, Joralmon & Company moved to strike it from the files, "because said so-called amended complaint is not an amendment, and plaintiff therein and thereby attempts to change his cause of action herein, and proceed against different defendants from the defendants originally sued herein." This motion was sustained, and the plaintiff electing to stand on his second amended complaint, judgment was rendered in favor of Joralmon.

We think the court was correct in its ruling. In *Rockwell v. Holcomb,* 3 Colo. App. 1, it was said by this court: "The right to amend a complaint, even after leave granted by the court, is limited to the accurate and correct expression in legal form of a cause of action which has theretofore been inaccurately or insufficiently expressed." The second amended complaint was not limited within the requirements of this rule. It was substantially and in effect the same as the original, and as the first amended complaint, except that portion of it which sought to set forth a cause of action at law against Joralmon & Company. In this respect it was a clear departure, which under the well-settled rules of pleading, was not permissible. A plaintiff may not under the guise of an amendment to a complaint, change the cause of action as stated in the original complaint from a legal to an equitable one, or *vice versa.—Givens v. Wheeler,* 6 Colo. 149; *Thompson v. White,* 25 Colo. 226; Bliss, Code Pleading, § 429.

We are aware that under the code practice, the form of prayer is immaterial, and that if the facts alleged and established entitle the plaintiff to relief, the court may give it, although it may not be specifically demanded. We have referred to the prayers

of these several complaints simply for the purpose of showing that according to the theory of the pleader himself, the allegations of the first two complaints stated an equitable cause of action, if any, and also that in the second amended complaint the pleader not only stated a cause of action at law against Joralmon & Company, but so intended to state it.

For the reasons given the judgment will be affirmed.                                   *Affirmed.*