[No. 2444.]

HECKER ET AL. V. COOK ET AL. AS TRUSTEES OF THE
GREAT COUNCIL OF COLORADO, IMPROVED ORDER
OF RED MEN.

1. **Parties—Official Bonds—Fraternal Societies—Incorporation— Trusts and Trustees.**

Where the official bond of an officer in a fraternal society ran to the trustees of the society under the name the society bore prior to incorporation, such trustees could maintain an action in their own names on the bond for a default therein without

making the society a party thereto, although at the time of the execution of the bond and the bringing of the action the society was incorporated under a slightly different name from that it bore prior to incorporation.

2. **Pleading—Title of Cause—Descriptio Personarum.**

In an action by the trustees of a fraternal society, suing for the benefit of the society, so much of the title of the complaint as follows the names of the trustees may be treated as descriptio personarum.

3. **Pleading—Surplusage—Fraternal Societies—Incorporation.**

In an action by the trustees of a fraternal society upon an official bond which expressly made the trustees obligees therein, an allegation in the complaint that the society was unincorporated may be treated as surplusage, and the fact that the society was at the time incorporated was immaterial.

*Error to the District Court of Arapahoe County.*

Mr. H. M. MINOR, for plaintiffs in error.

Mr. R. D. REES, for defendants in error.

MAXWELL, J.

Suit upon a bond of which the following is a copy:

"IMPROVED ORDER OF RED MEN.
*"Official Bond.*

"Know all men by these presents, that we, Louis Schmidt, of the county of Arapahoe and state of Colorado, are held and firmly bound unto the trustees of the Great Council of Colorado in the penal sum of fifteen hundred dollars, lawful money of the United States, for the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, and firmly by these presents.

"Sealed with our seals and dated this 13th day of August, A. D. 1896.

"The condition of the above obligation is such that, whereas, the above bounden Louis Schmidt was elected to the office of Great Keeper of Wampum of

The Great Council of Colorado of the Improved, Order of Red Men, situate at Denver, Colorado, on the 13th day of August, A. D. 1896.

"Now the condition of this obligation is such that if the said Louis Schmidt shall honestly and faithfully perform and execute the duties of the office of Great Keeper of Wampum of said tribe during the continuance in office by virtue of said election, without fraud, deceit or oppression, and shall submit for examination, when called upon by the properly appointed officers, or committees, all books, papers, etc., appertaining to the office of Great Keeper of Wampum, and shall deliver to his successor all moneys, vouchers, drafts, books, papers and other things pertaining to his office which may be so required by the law of Colorado, and the constitution and by-laws of The Great Council of Colorado, Improved Order of Red Men, then the above obligation shall be void, otherwise to remain in full force and effect.

"LOUIS SCHMIDT,    (Seal)
"JOHN HECKER,    (Seal)
"WILLIAM NEUSER,    (Seal)
"P. M. PELTIER.    (Seal)"

The complaint, in addition to alleging the execution and delivery of the bond by the principal and sureties, the breach thereof, the trusteeship of plaintiffs and their authority under the constitution and laws of the order to institute this action and collect the moneys due the order, set forth, that "The Great Council of Colorado of the Improved Order of Red Men" was chartered by "The Great Council of the United States Improved Order of Red Men," and that it was an unincorporated fraternal society, not for profit, but for certain benevolent and charitable objects, unnecessary to state. The complaint also set forth, that certain mutual mistakes appeared in

the wording of the bond, which matters are immaterial to this discussion.

The answer was a general denial, and a "special defense" to the effect that "The Great Council of Colorado of the Improved Order of Red Men" was, August 8, 1891, duly incorporated under the corporate name "The Great Council of Improved Order of Red Men of the State of Colorado," and that the bond set forth in the complaint was executed and delivered to said corporation, and none other.

The trial was to the court, a jury being expressly waived, which resulted in a judgment against the defendants for the penalty of the bond, to reverse which this writ of error is sued out.

The defalcation and amount thereof was admitted.

Substantially all of the testimony introduced at the trial was directed to the issue raised by the "special defense," and the errors assigned either directly or indirectly relate to that issue.

Counsel for plaintiffs in error in his brief thus states his position:

"The main question for this court to determine in this case, is, Can a society acting under one name prior to its incorporation and assuming another name slightly different to its former name upon its incorporation, sue upon an instrument or obligation given to it by one of its members as an officer therein as an unincorporated society, and collect the penalty in the obligation or bond off of the sureties thereon as an unincorporated society notwithstanding the fact that it was at the time of the execution of the bond and at the time it is alleged the money was so embezzled by the principal therein, an incorporated society acting as such under the laws of the state of Colorado? This is the main question; there are other questions and collateral issues upon which error has

been assigned by the plaintiffs in error which it will be the duty of the court to examine in order to be fully advised in the case, but the main question to be determined by the court is as has been stated."

As we view this record, the issue presented by the special defense was immaterial to a determination of the rights of the parties to this suit.

The bond in suit by its express terms named the trustees of the great council as obligees, and thereby made them trustees of an express trust.

The defendants below, plaintiffs in error here, introduced the record of the great council, which showed that by its unanimous action, the trustees were authorized, empowered and instructed to commence and prosecute this suit, and thereby they were made trustees of an express trust.

Sec. 5 Mills' Ann. Code provides, that the trustee of an express trust, though not the real party in interest "may sue without joining with him the person or persons for whose benefit the action is prosecuted," and defines such trustees as including "all persons with whom or in whose name a contract is made for the benefit of another."

Under this section of the code the trustees were entitled to maintain this suit in their own names without joining with them the beneficiary.—*Merchants' Bank v. McClelland,* 9 Colo. 608; *Faust v. Goodnow,* 4 Colo. App. 352.

The provisions of section 5 of our code are permissive, and not mandatory, and the trustee may at his option sue in his own name or may join his *cestuis que trust.*

The judgment in an action by either, will bar a subsequent action by the other.—*Rogers v. Groswell,* 51 Mo. 466; *Chouteau v. Boughton,* 100 Mo. 406.

So much of the title of the complaint as follows

the names of the three trustees may be treated as *descriptio personarum.*

The allegations of the complaint, as.to the great council being an unincorporated society, is surplusage which might have been stricken out on motion, and the "special defense" set forth in the answer presented no material issue.

That this suit is not by the society but by the trustees, is conceded by counsel for plaintiffs in error in his reply brief, by this statement:

"Their complaint makes the trustees of the society for whose use the suit is brought, the plaintiffs, instead of bringing the suit in the name of the society by its trustees."

This being true, the foundation of the "main question" presented by counsel for plaintiffs in error, and of all the errors assigned, is removed.

Perceiving no error in the record the judgment will be affirmed.                           *Affirmed.*