[No. 5001.]
[No. 2550 C. A.]

HOUCK v. WILLIAMS.

1. Landlord and Tenant—Forcible Detainer—Parties—Trusts and Trustees.

A lessor who leased land in his own name which he held as trustee of an express trust may maintain in his own name an action of forcible detainer against the lessee without joining as parties plaintiff the persons for whose benefit he holds the land.

2. Landlord and Tenant—Forcible Detainer—Pleading—Ownership—Instructions.

In an action of forcible detainer by a landlord against his tenant, an answer which fails to deny ownership in the landlord admits it, and an allegation that others than plaintiff were the real owners, coupled in the same defense with an admission that plaintiff signed the lease as owner and that defendant entered under authority of that instrument, is not a denial of ownership and under such an answer the court properly instructed the jury that defendant admitted ownership in plaintiff.

3. Landlord and Tenant—Forcible Detainer—Pleading—Instructions.

In an action of forcible detainer by a landlord against his tenant where the defendant in his answer alleged a new agreement for a lease of one year after the expiration of the old lease, and where there was no allegation in the pleading, or legal evidence, of an extension of the lease by parol license, an instruction that plaintiff was entitled to recover unless the jury found that a new agreement was entered into for a period of one year was not erroneous.

**4. Same.**

In an action of forcible detainer by a landlord against his tenant where defendant averred in his answer an oral agreement for a new lease for the term of one year from the expiration of the old lease, an instruction that a parol agreement for an indefinite extension of a lease for a longer period than one year was void, if erroneous was not prejudicial.

*Appeal from the County Court of Teller County: Hon. Albert S. Frost, Judge.*

The appellee, Williams, plaintiff below, by a written lease signed by him as the owner let to appellant Houck, defendant below, a store building in Cripple Creek for the term of two years beginning January 1, 1899, and ending December 31, 1900. Before the expiration of the lease the lessor notified the lessee to vacate at the end of the term and deliver possession to him. Lessee refused to do this; hence this action in unlawful detainer.

In the first defense of his answer the lessee admitted ownership of the premises in lessor, but denied the lessor's right to possession. In a second and separate defense the lessee alleges that although the lease was made in the name of plaintiff lessor and signed by him, nevertheless plaintiff is not, but other persons, or a community of other persons, whose names are unknown to defendant, are the real parties in interest, and he asks to have them brought into court and made parties to the action. In a third and separate defense lessee alleges that a short time before the termination of the written lease under

which he took possession, the agent of the lessor made an agreement with him whereby at the same rental he should occupy and remain in possession of the premises for another year beginning from the termination of his first lease, viz., one year from December 31, 1900, and therefore he is entitled to hold possession for such time, inasmuch as he offered to pay the prescribed rental.

The case was tried to a jury which found a verdict in favor of the plaintiff upon which jurgment was entered, and defendant is here with his appeal.

Messrs. GRAHAM & CAMPBELL, for appellant.

Mr. J. C. COLE and Mr. HAROLD D. THOMPSON, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

1. The first objection on which appellant relies is to the ruling of the trial court refusing defendant's offer to prove that plaintiff was not the real party in interest. There was no error in this. The contract of leasing was made with the plaintiff and in his name; therefore the case falls within section 5 of our Civil Code, which says that a trustee of an express trust may sue without joining with him the person or persons for whose benefit the action is prosecuted; and within the meaning of the section a trustee of an express trust includes "a person with whom or in whose name a contract is made for the benefit of another."

*Rawlings v. Fuller,* 31 Ind. 255, is not in point, for there the plaintiff was described as the agent in the written contract sued on, the name of the principal was given, the contract was not made in the agent's name or signed by him, nor did it appear that the agent had any interest whatever in it. Here,

as we have said, the contract was made by and in the name of the plaintiff himself, and the name of the principal, if any, was not disclosed. Pomeroy's Rem. & Rem. Rights, §§ 172-175; *Rockwell v. Holcomb*, 3 Colo. App. 1, 5; *Faust v. Goodnow*, 4 Colo. App. 352, and *Merchants Bank v. McClelland*, 9 Colo. 608, support the ruling below.

2. Instruction No. 1 told the jury that defendant admits ownership of the plaintiff. Appellant says this was error. We think not. Ownership is nowhere denied in the answer. By failing to deny it in the first defense, it is admitted. The attempt to put it in issue in the second defense by averring that others than plaintiff are the real parties in interest is ineffectual to do so, since in the same defense that averment is coupled with an admission that plaintiff signed the lease as owner, and defendant entered under the authority of that instrument. A lessee may not thus dispute his landlord's title.

3. Appellant objects to an instruction which was given by the court to the effect that unless the jury found that a new agreement was entered into for a period of one year the plaintiff was entitled to recover. This instruction is said to be misleading because, appellant says, it was not necessary for him to show a lease for any definite period of time, but that if he was in possession under a parol license for an indefinite term he could not be ousted. He cites some Indiana cases and *Sears v. Smith*, 3 Colo. 287, to the proposition that if a tenant under a lease for a year holds over after the expiration of the term with the consent of the landlord the law implies a new contract for the same time and upon the same terms. In the Sears case, Thatcher, C. J., said this was the law in the absence of a new agreement.

When it is considered that the second separate defense is that there was a new agreement for a def-

inite time, it is plain that there was no error in the instruction, for it was based upon the very claim which defendant himself made. It is true that there is some indefinite·testimony in the record to which the plaintiff objected—which should have been excluded because not responsive to any issue—upon which counsel bases a claim that there was an extension of the lease by a parol license for an indefinite term and for as long a time as defendant wished to occupy the premises. But there is no legal or sufficient evidence upon which any such claim can be made, even were any such defense pleaded, and the jury ought not to have been burdened with it.

4. The last observation is applicable also to an objection made to another instruction whereby the court apparently attempted to say to the jury that a parol agreement for an indefinite extension of a lease and for a longer period than one year was void under our statute of frauds. Whether or not the instruction, as given, correctly stated the law we need not determine, for it is apparent that defendant could not have been prejudiced by it for the reasons just given.

5. We have scrutinized the record carefully and made more diligent examination thereof than the objections argued by counsel require. We have done so because in going through it the impression was left that during the existence of the lease the agent of the landlord, though apparently without any authority from his principal and without the latter's knowledge, gave to the lessee some encouragement to believe that there might be a renewal of the lease, in acting upon which the lessee expended considerable money in the way of improvements. Could we spell error we would do so in order to compensate the lessee for the outlay. But we are unable to deduce from the testimony any legal evidence upon which

to sustain any of the defenses pleaded. Indeed, defendant's testimony given at the trial and his letters to plaintiff show conclusively that no renewal or extension of the lease had been made by the plaintiff's agent, which the third separate defense avers. On the contrary, defendant's letters show that shortly before the expiration of the original term he had failed to reach an agreement with the agent for an extension and thereupon began negotiating directly with the plaintiff for a new lease, which resulted in a failure.

Perceiving no prejudicial error in the record, the judgment must be affirmed, and it is so ordered.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.