## No. 9875.

### WEBBER, ET AL. v. PHISTER, ET AL.·

Decided March 7, 1921. Rehearing denied May 2, 1921.

Action to establish and enforce a trust. Judgment for plaintiffs.

### *Reversed.*

1. PLEADINGS—*Complaint—Amendment.* A complaint to establish and enforce a trust, cannot be amended "to introduce a new cause of action."

2.     *Complaint—Amendment—New Cause of Action.* A complaint which alleges an express trust, cannot be amended by alleging facts showing a constructive trust, that being a new and different cause of action.

3. CODE—*Forms of Action.* While the code abolishes forms of action,

it cannot obliterate the distinction between the causes or nature of actions.

*Error to the District Court of Jefferson County, Hon. Clarence J. Morley, Judge.*

Mr. JOHN A. RUSH, Mr. FOSTER CLINE, for plaintiffs in error.

Mr. F. T. JOHNSON, Mr. S. H. JOHNSON, for defendants in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit to establish and enforce a trust. The plaintiffs below, and Blanche Webber, one of the defendants, are the heirs at law of Elizabeth A. Wanamaker, deceased. The original complaint alleges that on or about December 22, 1910, Elizabeth A. Wanamaker voluntarily and without consideration conveyed by warranty deed to the defendant Blanche Webber certain real estate and water rights situated in Jefferson County, and,

"That said conveyance was made to said Blanche Webber in trust and for the use and benefit of the said grantor, and in case of her death for the use and benefit of her said heirs, share and share alike."

The principal relief asked in the original complaint is that "said Blanche Webber be declared to hold said lands and water rights in trust for the use and benefit of all of the heirs of said Elizabeth A. Wanamaker."

The plaintiffs below asked leave to file an amended complaint alleging:

"That said conveyance was obtained by undue influence, false representations, and fraud and deceit, exercised and practiced by the defendant Blanche Webber upon and toward the grantor, the said Elizabeth A. Wanamaker."

The proffered amended complaint also alleged various facts in accord with the general statement above quoted.

The defendants duly filed objections to the filing of

the amended complaint, chiefly upon the ground that the amended complaint changed the cause of action. The trial court sustained the objections and refused permission to file the amended complaint. Thereafter the plaintiffs moved to file a second amended complaint, incorporating, in substance, the allegations of both the original and the first proffered amended complaint. The motion was denied.

It is conceded that the original complaint sets forth an alleged express trust, and none other, and that the second amended complaint alleges both an express and a constructive trust.

Upon trial, the court found "that an express trust has not been established," and therefore the findings were for the defendants. The plaintiffs filed a motion for new trial, and upon a hearing thereon, the court vacated its findings and also its previous order denying leave to file the second amended complaint. Over the objections of the defendants, the plaintiffs were permitted to file, and filed, their third amended complaint, containing substantially the same allegations as the second amended complaint, and declaring both upon an express trust and a constructive trust. A judgment was subsequently entered for the plaintiffs, upon findings establishing a constructive trust. The defendants have sued out this writ of error.

The only question that need be determined upon this review is whether it was error to permit the filing of the third amended complaint. The plaintiffs in error, defendants below, invoke the rule, stated in *Givens v. Wheeler,* 6 Colo. 149 (syllabus), that "a plaintiff cannot abandon his original cause of action and substitute an entirely new cause of action in his complaint," or as stated in *Anderson v. Groesbeck,* 26 Colo. 3, 55 Pac. 1086, as follows:

"It is improper, over defendant's objection, to allow an amended complaint to be filed, stating an entirely new and different cause of action, even though the amendment be to correspond to the proof." (syllabus.)

This rule is applicable to bills in equity. 21 C. J. 523. A complaint to establish and enforce a trust cannot be

amended "to introduce a new cause of action." 39 Cyc. 628.

The only point left, therefore, to determine, is whether the third amended complaint introduces "a new cause of action." The original complaint, being predicated wholly upon an express trust, stated a cause of action *ex contractu*. *Learned v. Tritch*, 6 Colo. 432. Constructive trusts arise *ex delicto* or *ex maleficio*. 39 Cyc. 27; *Kayser v. Maugham*, 8 Colo. 232, 6 Pac. 803. The third amended complaint, having alleged facts to show a constructive trust, set forth a cause of action *ex delicto*. An amendment changing from an action *ex contractu* to an action *ex delicto*, is an amendment changing the cause of action, and, under the rule hereinbefore stated, not allowable. 31 Cyc. 414; *Givens v. Wheeler, supra*. While the code abolishes forms of action, it cannot obliterate the distinction between the causes or nature of actions; as, for example, actions *ex delicto* and *ex contractu*. *Goss v. Board*, 4 Colo. 468, 471; 1 C. J. 1003, sec. 128.

In *Woodward v. Woodward*, 33 Colo. 457, 81 Pac. 322, the complaint alleged that land had been conveyed in trust for the use of the grantor and his heirs. A replication which alleged that the conveyance was obtained through fraud and undue influence was held to be a fatal departure.

Under the authorities above cited, the amended complaint introduced a new cause of action, and it was error to permit the same to be filed, as it was, over the objections of the defendants. The trial court should have adhered to its first rulings, denying leave to file the proffered amended complaints or any of them.

There is no competent evidence in the record of an express trust, such as was alleged, and the only one which was alleged, in the original complaint, and the trial court's findings to this effect, made upon the first trial, were undoubtedly correct.

The judgment is reversed and the cause remanded with directions to strike the amended complaint. Since the cause must be disposed of upon the original complaint which declares only upon an express trust, and since there

is no evidence of an express trust, the further direction is hereby given that a judgment be entered for defendants.

Mr. Justice Teller and Mr. Justice Bailey concur.