## No. 11,917.

### JONES *v.* PANAK.

Decided May 21, 1928.

Mr. J. F. MEADOR, for plaintiff in error.

Mr. E. G. VANATTA, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

Susan Panak, defendant in error, was defendant below and had judgment there for $294.26, balance of her counterclaim over the claim of Jones, and he brings error.

The essential facts are these: one Pry built a house for Mrs. Panak for the agreed price of $7,300. Jones furnished the lumber. A balance of $2,772.25 remained unpaid, and Pry owed Jones $1,956.51 for lumber; Pry then assigned his claim to Jones who brought suit against Mrs. Panak for the whole balance due, $2,772.25, and at the same time brought a mechanic's lien action for his $1,956.51. In the latter he had a judgment which was paid and was properly credited on the claim in the other action, this left a balance of $815.74 due Jones as assignee of Pry which was allowed by the court, but on counterclaim for defective work the court gave judgment for defendant for $1,110, ordered that the $815.74 be credited thereon and that execution issue for the balance $294.26.

It was irregular to give judgment for $1,110.00. It should have been for the balance of $294.26, if for anything, but since the practical result is the same the irregularity is not of consequence.

It was of course erroneous to give judgment against Jones for the balance of $294.26. It was not upon any liability of his; for Pry's liabilities, however, existing at the time of the assignment, defendant was entitled to credit against Jones up to the amount of his claim. Code §§ 4 and 64.

Plaintiff in error claims that the evidence of defective work was insufficient to justify any allowance therefor, but there is some evidence and we cannot disturb the finding.

The judgment is reversed with directions to enter the ordinary judgment for defendant, that she go without day.

Mr. Justice Campbell, Mr. Justice Butler and Mr. Justice Adams concur.