No. 11,862.

Insurance Company of North America, et al. *v.* Baker.

Decided May 21, 1928. Rehearing denied June 18, 1928.

Mr. S. M. TRUE, for plaintiffs in error.

Mr. JOHN L. STIVERS, Mr. HERBERT L. STRANG, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE Insurance Company of North America and the Fire Association of Philadelphia, by a joint policy for $1,000, insured Baker against loss by fire. The property —a house—covered by the policy was practically destroyed by fire. The insurance companies did not pay the loss, and Baker sued them and recovered judgment for $1,000.

The only defense relied upon is that Baker failed to comply with the following provisions of the policy:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them and shall bear equally the expenses of the appraisal and umpire.  *  *  *

"No suit or action on this policy, for recovery of any claim, shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, nor unless commenced within twelve months next after the fire."

1. The purpose of the provision concerning appraisement is to arrive at the amount of the loss sustained, where the parties disagree with reference thereto. It presupposes an actual, bona fide disagreement. The companies employed one Webster to adjust the loss. After looking at the house, he talked with Baker about the loss. Baker's version of the conversation on this subject is this:

"I said that I considered that I had a complete loss of the house. Webster insisted that I did not have any house to speak of, and that I did not have any loss; at least, Webster never made any estimate as to how much he would pay. I tried to get the company to rebuild the house, and Webster said that was out of the question."

On the witness stand, Webster admitted that he told Baker that the fire damage, in his opinion, "was slight, nominal." He further testified that he told Baker that he thought a large part of the damage had been caused by the house mover; that there was not, so far as witness could see, a $200 fire damage to the house; that he offered to pay Baker $250; that Baker said that he had $1,000 insurance and would not settle for one cent less than $1,000, whereupon witness told Baker that "that constituted a disagreement, a positive disagreement, and that under the terms of the contract I would be forced to demand an appraisal, which I did." So far as these two versions conflict, we must take as true the version that supports the judgment, namely, Baker's version. In view of the fact that the evidence would justify the belief that the fire loss exceeded $1,000, Webster's statement to Baker that, in his opinion, the fire loss was "slight, nominal"—indeed, his entire attitude, according to Baker's testimony—indicates, not an earnest, bona fide effort on Webster's part to reach an agreement as to the amount of the loss, but an attempt to create a disagreement with reference thereto. The provision of the contract relative to appraisement does not contemplate that kind of a "disagreement." In the circumstances, the right to demand an appraisement did not exist.

2. The denial by an insurer of all liability under a policy is a waiver of the right to an appraisement. *American Cent. Ins. Co. v. Donlon,* 16 Colo. App. 416, 66 Pac. 249. And see *California Ins. Co. v. Gracey,* 15 Colo. 70, 24 Pac. 577; *Helvetia S. Fire Ins. Co. v. Edward P. Allis Co.,* 11 Colo. App. 264, 53 Pac. 242. As expressed in the note in 47 L. R. A. (N. S.) at page 427:

"In the United States an overwhelming majority of the courts have held that the absolute and unconditional denial by an insurance company of any liability whatever to pay anything upon the policy renders inoperative and nugatory the customary provisions for an arbitration to determine the amount of a loss and an award as a condition precedent to an action to recover it."

Where an insurer denies that the insured has suffered any loss at all, an appraisement would be an idle ceremony. The testimony of Baker would justify the belief that Webster told Baker that the latter did not have any loss; and that testimony is reinforced by the defendants' answer, in which they expressly deny on oath that the plaintiff suffered damage "in any amount" by reason of the fire.

3. Counsel for Baker suggest other reasons why, according to their contention, the fact that there was no appraisement does not defeat this action. They claim that, although denying that there was any occasion for an appraisement, Baker made a bona fide effort to have an appraisement, which failed more through the fault of the insurance companies than through any fault on his part. They also say that the actual loss was greater than the amount of the insurance, and they contend that in such case no appraisement is required. As the case is not to be retried, no practical benefit would result from a discussion of these points.

The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.