No. 11,871.

SANDERFORD *v.* WALKER INVESTMENT CO.

Decided June 4, 1928. Rehearing denied July 2, 1928.

204

Mr. John F. Mail, Mr. Frank L. Hays, for plaintiff in error.

Mr. Ivan A. Allen, for defendant in error.

*Department Two.*

Mr. Justice Adams delivered the opinion of the court.

The Walker Investment Company, plaintiff below, hereinafter called Walker, obtained a decree against Sanderford, et al., quieting title to certain real estate. Sanderford brings the case here for review.

The decree shows that Walker's title was derived through two tax deeds, dated August 20, 1926, issued to the American Tax Company, and by deed from the latter to Walker, on September 15, 1926. It does not appear in the decree, but the record shows, that on April 9, 1926, one Atkinson and his wife, owners of the fee title coming down from government patent, gave a deed to one Williamson, but with name of the grantee omitted in the instrument; that Williamson held it until it was recorded, in October, 1926; that his dealings with the Atkinsons

was a personal matter, but before recording the quit-claim, he filled in the name of the American Tax Company as grantee.

Sanderford claims an interest in the property, as holder of certain tax sale certificates, and also under two out-standing mortgages, executed by the Atkinsons prior to their quitclaim. The court refused to subordinate Walker's title to these claims. General and special find-ings were for plaintiff.

1. Counsel for Sanderford argue that the tax deeds were invalid and convey nothing, because, they say, the notice required by section 7423, C. L. 1921, was not given, citing cases in support of their proposition. The point is not well taken, however, because the supplemental record shows that the statutory notice was given. .

2. Counsel for Sanderford think that the supplemental record shows that the treasurer depended on a written request for the issuance of deeds, and because those filed with him were not signed, they conclude that there was in fact no request at all, either written or oral. We do not follow this circuitous reasoning. The treasurer's records in evidence show that the deeds were issued upon request, these requests are set forth in haec verba, and they look quite like writing to us. However, counsel an-swer their own argument when they say, "It is probably true under the section cited [Section 7423, C. L.] that an oral request would be as effective as a written request." So, whether we technically designate them as "oral re-quests," or "unsigned written requests," counsel's ob-jection is of no practical importance, since the demands for deeds were actually made to the treasurer.

3. It is next argued that the law will not permit one upon whom rests an obligation to pay taxes or other liens, to destroy those liens by a tax deed to himself. Counsel for Sanderford have again assumed a wrong premise. When the American Tax Company got the tax deeds, there was no obligation upon their part to pay the taxes or other liens; they did not then own the

property. Counsel have incorrectly assumed that the tax company acquired the quitclaim from the Atkinsons in April, 1926, but Williamson's uncontradicted testimony is that he held the deed himself until it was recorded, which was in October, 1926, and so it could not have been delivered to the tax company before then. The controlling date is the time of the delivery, and the delivery of the tax deeds antedated the delivery of the quitclaim to the tax company. As we said in *Gibson v. Woods,* 58 Colo. 544, 549, 147 Pac. 349, "Where one who is under no obligation or duty to the mortgagee to pay the taxes, acquires a tax title, and afterwards takes a quitclaim deed from the mortgagor, it does not destroy nor defeat the tax title or the right to redemption based thereon, and no authority has been cited, so holding." See Black on Tax Titles, sec. 274. In the instant case, the paramount lien created by the neglected taxes, which ripened into tax deeds held by Walker, wiped out Sanderford's claim on the property. The court was right about it.

4. Counsel for Sanderford point out that in October, 1926, the American Tax Company sued in a justice's court for six months back rent, and that the company had previously demanded the rent, from which it is argued that the tax company owned the property in April, 1926, contrary to Williamson's testimony. It is a fact that the tax company did own the property as early as August, 1926, by virtue of the tax deeds, but there is no admission or proof of its ownership or claim thereof, prior to then, and in varieties of cases, a demand for prior or current rent does not necessarily or conclusively imply a claim of ownership prior to the taking of title. As the trial court said: "An agency for collecting rent does not prove an agency for the sale of property, or taking title to property, or a great many other things." The general and special findings of fact indicate that the court believed Williamson's testimony, and they are binding upon us.

5. We have confined ourselves to answers to points raised in the briefs of counsel for plaintiff in error. If it is true, as they intimate, that the quitclaim deed from the Atkinsons was void, because the name of the grantee was left blank, they have admitted themselves out of court on their contention that the American Tax Company owned the property in April, 1926. However, we need not go into the question of filling in names left blank in deeds, because the decree in Walker's favor is based on the tax deeds, and it is well founded.

Judgment affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.