No. 12,317.

CITY AND COUNTY OF DENVER *v.* MORRISON.

(291 Pac. 1023)

Decided September 29, 1930.

Mr. THOMAS H. GIBSON, Mr. MILNOR E. GLEAVES, Mr. CHARLES H. HAINES, Mr. KARL C. BRAUNS, for plaintiff in error.

Messrs. HODGES, WILSON & ROGERS, Mr. HENRY C. VIDAL, Messrs. McCOMB & STRONG, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

ON December 29, 1923, W. O. Morrison contracted with the City and County of Denver to construct a wooden stave pipeline approximately 10 miles in length between Kassler and Marston Lake in Jefferson county, Colorado. Under the contract the city agreed to excavate, backfill and furnish the materials necessary. Morrison agreed to haul the materials and construct the pipeline. Work was commenced in, February, 1924, and completed September 19, 1924. All but $22,237.27 due under the contract was paid. This amount was 15 per cent of the total and was retained by the city under the claim that the work was done improperly. When water was turned into the conduit it leaked at various places and a dispute arose as to the cause thereof, the city contending that Morrison failed to do the work properly and Morrison claiming that the city furnished faulty wooden staves which had not been properly and uniformly kiln-dried and failed to backfill quickly enough. The city expended the sum of $36,042.21 in placing the conduit in good condition and refused to pay Morrison the balance due under the contract. Morrison thereupon brought this suit in the district court seeking to recover the balance due under the contract and in addition $1,177.98 for extras furnished. The city denied liability and cross-complained seeking to recover from Morrison the sum of $36,042.21, and the further sum of $10,700 liquidated damages under the contract.

An extended trial was commenced before the court on January 24, 1928, and continued to February 7, 1928, at the conclusion of which the defendant moved for judgment claiming that the suit was not brought in the name

of the proper party plaintiff because the evidence disclosed that Morrison and three others were a co-partnership, each thereof having a one-fourth interest in the contract.

On March 3, 1928, the court rendered a lengthy opinion finding the issues for the plaintiff, the gist of which may be summarized in the court's own words as follows: "* * * most of the leaks which occurred in the pipe were due to the shrinkage of the wooden staves. That shrinkage was due to the fact that the staves were not properly nor uniformly kiln-dried before shipping; to the fact in some cases that the backfilling was not done near enough to the time the final clinching was ordered and done; and to the fact that the conduit was allowed to stand too long after its completion by the contractor on September 19, 1924, before water was attempted to be run through it."

The court found that the plaintiff was entitled to judgment in the sum of $22,237.27, and the further sum of $256.68 being the amount admitted by the defendant to be due for extras. Judgment was entered thereon and the city here seeks a reversal, contending: First, that the cause of action was not in favor of the plaintiff, but was a joint cause of action in favor of the plaintiff and three other persons who were partners of the plaintiff and who were not made parties; and, second, that the evidence is insufficient.

1. There is no merit in the city's contention that S. D. Morrison, brother of W. O. Morrison, and M. S. and W. D. Morrison, his nephews, should have been joined as party plaintiffs, notwithstanding the fact that the evidence disclosed indisputably that each thereof was entitled to one-fourth of the proceeds of the contract. The contract was entered into by the City and County of Denver and W. O. Morrison alone, although the city knew that the other three mentioned were interested therein.

"An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute,

may sue without joining with him the person or persons for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." Code of Civil Procedure, c. 1 §5.

Under similar circumstances, we have held that the contracting party may sue in his own name. *Rockwell v. Holcomb,* 3 Colo. App. 1, 31 Pac. 944; *Faust v. Goodnow,* 4 Colo. App. 352, 354, 36 Pac. 71; *Houck v. Williams,* 34 Colo. 138, 140, 81 Pac. 800.

2. The city contends that the evidence is insufficient to support the judgment. The principal question for determination was, What caused the leaks in the pipeline? If these leaks were the result of faulty construction, the plaintiff was responsible, otherwise not. A careful consideration of the record discloses that the testimony on this point was conflicting and sufficient to support the judgment. We have repeatedly held that where such is the case, the trial court's judgment will not be interfered with. *Bohe v. Scott,* 83 Colo. 374, 265 Pac. 694; *Insurance Co. v. Baker,* 84 Colo. 53, 268 Pac. 585; *Jones v. Panak,* 84 Colo. 62, 268 Pac. 535; *San Luis Dist. v. Prairie Ditch Co.,* 84 Colo. 99, 268 Pac. 533 and *Sanderford v. Walker Co.,* 84 Colo. 203, 269 Pac. 14.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.