No. 14,538.

JOHNSON ET AL. *v.* CORK.
(102 P. [2d] 471)

Decided April 1, 1940. Rehearing denied April 29, 1940.

Mr. Joseph K. Bozard, for plaintiff in error Johnson.

Mr. J. M. Childress, for defendant in error.

*In Department.*

Mr. Justice Otto Bock delivered the opinion of the court.

This is a suit to quiet title to land and water rights appurtenant thereto, based upon a tax deed to Routt county, and a conveyance by it to plaintiff by quitclaim deed. Defendants claim title under a deed of trust from the record owner to defendant Johnson, and invalidity of the tax deed relied upon by plaintiff, based upon alleged irregularities in the proceedings, leading to issuance thereof. The trial court found the issues in favor of plaintiff and entered judgment accordingly. Defendants assign error and seek reversal. The parties here appeared in reverse order in the trial court and are hereinafter designated as there, or by name.

It is first asserted by defendants that since several separate and distinct tax sale certificates of purchase, of distinct and separate years, were included in one request for a tax deed, and the lands involved were not included within an irrigation district, any proceed-

ings by the treasurer thereunder are void and contrary to section 255 of chapter 142, '35 C.S.A. This section contains no such requirement. In the absence of prohibition, the purchaser may exercise his own judgment in the matter.

■■ We have held that where, under section 255, a request actually has been made on the treasurer, it is immaterial whether it was signed or not. *Sanderford v. Walker Inv. Co.*, 84 Colo. 203, 269 Pac. 14. There is no contention here that the request was not made. Section 255, supra, is almost identical with the Illinois statute, from which it appears to have been adopted. *Brown v. Davis*, 103 Colo. 110, 114, 83 P. (2d) 326. The Illinois courts, in construing the similar section of the laws of that state, have held that more than one tract of land may be included in a notice, on request for a tax deed. *Drake v. Ogden*, 128 Ill. 603, 21 N.E. 511; *Hammond v. Carter*, 155 Ill. 579, 40 N.E. 1019. We see no difference in principle between a request and a notice. The validity of a tax deed is not affected by this procedure, especially where, as here, the county is the purchaser. In this view, whether land lies outside of an irrigation district is immaterial. That a tax deed may convey more than one tract of land, whether contiguous or noncontiguous, is not open to question in this state. *Crisman v. Johnson*, 23 Colo. 264, 270, 47 Pac. 296; *Barnett v. Jaynes*, 26 Colo. 279, 57 Pac. 703. Since the rendition of these decisions, this practice has been confirmed by legislative action. '35 C.S.A., c. 142, §§244, 247.

■ It next is claimed that the affidavit of proof by the treasurer is insufficient to satisfy the requirements of section 255, supra, in that it did not show that the notice had been published and posted according to law. The pertinent part of the section reads: "The treasurer shall make and carefully preserve among the files of his office a record of all things done in compliance with this section, and shall certify to a compliance with the provisions of this section." The county treasurer's affi-

davit, filed November 7, 1931, was deemed insufficient, and an affidavit by the then deputy county treasurer, Homer, who was such from 1921 to 1932, was filed with the county clerk and recorder November 17, 1938. This affidavit is challenged because it was not filed in apt time; that it is an alteration of the file in the county clerk's office, to which it was attached; and that Homer had no authority, under the statute, to file it. There is no evidence of any alteration of the file. The county treasurer died prior to November 17, 1938, and the deputy county treasurer was the only person who had knowledge of the facts. No issue is made in the pleadings that the requisite notice of sale for delinquent taxes was not published and posted, but simply that the affidavit of the proof of such publishing and posting is insufficient. There is no contention that defendants did not receive proper notice. We have held that the sole purpose of requiring deposit of the affidavits with the county clerk is to preserve and furnish proof that the requisite notices were given in the manner required by law, in case that question becomes material, and the law does not require them to be filed at any specific time. *Bertha Gold Mining & Milling Co. v. Burr,* 31 Colo. 264, 73 Pac. 36; *Sternberger v. Moffat,* 44 Colo. 520, 99 Pac. 560. In the Bertha G. M. & M. Co. case, invalidity of the tax deed was alleged because the affidavit was not filed until some four years subsequent to the time of posting of the notices. In the Sternberger case insufficient affidavits were filed by the county treasurer and the publishers. At the time of trial the court permitted the publishers, as well as the county treasurer, to file other affidavits, the sufficiency of which was not questioned. We there held that these affidavits may be filed at any time, even during the progress of the trial of an action to cancel the deed. The sufficiency of the Homer affidavit is not questioned, and he also appeared at the trial and testified. The statutory requirement of keeping a record, and a certification thereof being solely

ministerial, a function which a deputy treasurer may perform under the circumstances here, we do not recognize any irregularities in the respect discussed which would void the tax deed.

 It next is urged that certain ditch and water rights set out in the complaint did not pass to plaintiff by the quitclaim deed from the county. The record owner prior to trial conveyed his title to the land and water rights to plaintiff. To show the use of the ditch and water rights in connection with the lands in question, plaintiff introduced an abstract of title. The trial court found, upon sufficient evidence, that the "ditch and water right was and is appurtenant to said land and passed to said county under said treasurer's deed." This finding, therefore, will not be disturbed.

Defendants urge that the notice by the treasurer was not "posted in a conspicuous place on or near the outer door of the office or building commonly used as the office of the treasurer." Evidence was introduced on this issue, on which the court found in favor of plaintiff; consequently the contention must be overruled.

Other minor matters are raised in the briefs, which we deem unnecessary to discuss.

The judgment is affirmed.

Mr. Justice Francis E. Bouck and Mr. Justice Bakke concur.